J. A. PRESCOTT *et al. v.* CITY OF MEMPHIS.*

(*Nashville,* December Term, 1926.)

Opinion filed June 5, 1926.

**1. STATUTES. Invalid. Enforcement.**

Until a statute is declared invalid by a competent tribunal, it is, ordinarily, the duty of officers charged with its administration to observe it. (Post, p. 466.)

Citing:   Beaver v. Hall, 142 Tenn., 432, 217 S. W., 649.

**2. TAXATION. Municipal. Invalid. Recovery.**

Upon the payment of a municipal tax voluntarily in ignorance of the fact that a statute imposing same was unconstitutional, is an ignorance of law, not of fact; every inquiry into the constitutionality of a statute involves only questions of law, without regard to how the question arises. (Post, p. 466.)

Citing:   Heiskell v. Knox County, 132 Tenn., 180, 177 S. W., 483; Anno. Cas., 1916E, 1281; Hardwick v. State, 6 Lea (74 Tenn.), 103.

**3. SAME. Same. Same.**

Upon the payment voluntarily of a municipal tax, the same cannot be recovered, though an Act (Private Acts 1919, ch. 790) authorizing such tax was unconstitutional and taxpayers were ignorant thereof. (Post, p. 468.)

Citing:   Railroad v. Hamilton County, 120 Tenn., 1, 113 S. W., 361; Railroad v. Williams, 101 Tenn., 148, 46 S. W., 448; Cauvin v. Nashville, 3 Bax. (62 Tenn.), 453; McRea v. Farnsworth, M. S. Nashville, December Term, 1923; 21 R. C. L., 141; Railroad v. Commissioners, 98 U. S., 541, 25 L. Ed., 196.

Citing and distinguishing: Railroad v. Commissioners, 98 U. S., 541; Railroad v. Williams, 101 Tenn., 148; Manuscript, December Term, 1923.

---

*Headnotes 1. Taxation, 37 Cyc., p. 1180; 2. Constitutional Law, 12 C. J., sections 183, 403, 405; 3. Municipal Corporations, 28 Cyc., p. 1708.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— Hon. Israel H. Peres, Judge.

J. L. Pilcher, Collier & Collier, K. T. McConnico and W. B. C. Pilcher, for appellants.

E. N. Klewer, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed to recover taxes assessed and collected by the city for the years 1920, 1921, 1922, and 1923. It is charged in the bill that:

"The city of Memphis, a municipal corporation, has power to levy and assess taxes upon persons and property within its corporate limits, and to collect the same.

"During the year 1920, and since that time, the defendant has assessed, levied, and collected taxes upon persons and property within the territory assumed by defendant to have been brought within its corporate limits under chapter 790 of the Private Acts of Tennessee, supposed to have been passed April 16, and approved April 17, 1919.

''The complainants named below reside in or own property within said territory. During and since the year 1920, the defendant has assessed, levied, and collected from complainants, respectively, and complainants, respectively, have paid to the defendant taxes on such property as stated below by each complainant, respectively.''

The bill then sets forth by items the taxes paid by each of the complainants, and recites from the journal a history of the passage of chapter 790, Private Acts of 1919, by which the territory where complainants reside was annexed to the city. The bill concludes with a prayer for recovery of the amounts paid by the taxpayers to the city. Preceding the prayer it is charged in the bill:

''That complainants, respectively, in paying said taxes, acted in ignorance of the fact that said chapter 790 was unconstitutional and void; that said payments were made by the parties, respectively, in ignorance of the law and facts touching the rights of the city of Memphis and of complainants in the premises, and in the matters herein stated.

''The complainants were ignorant of the fact that said Senate Bill No. 1045, was restricted to a very small part of the areas embraced in the body of said House Bill No. 1236; that is, to the area of the town of Binghamton and a small part of the people and territory lying between the town of Binghamton and the city limits of Memphis.

''The complainants, respectively, were ignorant of the fact that said Senate Bill No. 1045, was not on the same subject as said House Bill No. 1236, prior to the time at which said Senate Bill No. 1045 was altered so as to make it conform with said House Bill No. 1236, as hereinbefore stated, and that the territory or area described

in the two bills prior to such change was not the same and that the title of Senate Bill No. 1045 was restrictive and self-limiting.

"The complainants were ignorant of the fact that the subject of said chapter 790 was not expressed in its title.

"Complainants, respectively, were ignorant of their respective rights touching said levy, assessment, and collection of taxes, as herein set forth and detailed.

"Complainants are advised, and so charge that said levies and assessments and collections of taxes were illegal, and unauthorized in law, and unjust and void, and that in law and in equity and good conscience the defendant is justly indebted to the complainants, respectively, in the several amounts of said taxes so assessed and collected, as herein stated."

The city interposed a demurrer. It does not raise the constitutional question, but passed to whether the bill is multifarious and whether complainants are foreclosed by their voluntary payment of the tax assessed under the annexation act. The chancellor sustained the ground of demurrer that challenges complainants' right of recovery for taxes assessed and voluntarily paid, and dismissed the bill.

Through assignments of error it is insisted on behalf of complainants that the act is void, because it was not passed at three readings on separate days, and because the act is broader than the caption, and that, since these constitutional defects render the act void, the assessment and collection of the tax was illegal. It is further insisted that complainants can recover the tax notwithstanding their voluntary payment, because they were ignorant of the invalidating defects in the act until after

154 Tenn.—30.

the tax was paid, and it is further insisted that, in the absence of statute requiring payment under protest as a condition precedent to recovery, municipal taxes illegally collected may be recovered under the common law.

The statement of the bill that complainants paid the tax ignorant of the fact that the statute was unconstituional admits the complainants' ignorance of law, not of fact. Every inquiry into the constitutionality of a statute involves only a question of law without regard to how the question made arises. *Heiskell* v. *Knox County,* 132 Tenn., 180, 177 S. W., 483, Ann. Cas., 1916E, 1281; *Hardwick* v. *State,* 6 Lea, 103.

This holds true though it be necessary to resort to the journals to determine the validity of the act.

Until a statute is declared invalid by a competent tribunal, it is, ordinarily, the duty of officers charged with its administration to observe it. *Beaver* v. *Hall,* 142 Tenn., 432, 217 S. W., 649. Proceeding in the observance of their duty, according to the mandate of this statute, the revenue department of the city of Memphis assessed taxes against complainants who had been brought into the city under the act. Complainants, without duress, paid the tax. Their payments were voluntary.

In *Railroad* v. *Hamilton County,* 120 Tenn., 1, 113 S. W., 361, the court denied a recovery, because the illegal tax was voluntarily paid. In that case the court quoted, approvingly, from *Railroad* v. *Commissioners,* 98 U. S., 541, 25 L. Ed., 196, as follows:

" 'Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property, such

payment must be deemed voluntary and cannot be re-covered back. And the fact that the party at the time of making the payment files a written protest does not make the payment involuntary.' This, as we understand it, is a correct statement of the rule of the common law.''

In *Railroad* v. *Williams,* 101 Tenn., 148, 46 S. W., 448, the court said: ''It has been held that the act prescrib-ing that taxes due the State must be paid, and suit brought within thirty days if deemed illegal and unjust, has no application to county and city taxes. *Saunders* v. *Russell,* 10 Lea, 299; *City of Nashville* v. *Smith,* 2 Pick. [86 Tenn.], 213 [6 S. W., 273].

''The effect of this is to leave the common-law reme-dies in force in such cases, and the county and city, if the tax was illegal in the sense of being unauthorized by any law, could sue to recover it back, if exacted and paid under protest and to save seizure of property, and the thirty days' limit would not apply in such case.''

In this case the court allowed recovery of taxes paid under duress, and because it appeared that the tax was paid under duress.

In *Cauvin.* v. *Nashville,* 3 Baxt., 453, after stating the facts, the court said: ''It is conceded, and is settled law, that a voluntary payment made on a simple mistake of law as to the right of the party to receive it cannot be recovered back. *Hubbard* v. *Martin,* 8 Yerg., 499. It seems to be equally clear, and is assumed in perhaps all the cases, both those cited for plaintiff and defendant, that, if paid under compulsion, it can be recovered. *Mor-gan* v. *Palmer,* 2 Barn. & Cres., 319; *Elliott* v. *Swartwout,* 10 Pet., 47 (Cur. Ed.), 9 L. Ed., 373. The question then is, Was the payment, under the facts of the case above

cited, compulsory in the sense of the law, or voluntary?
. . .

"The correct principle is given in 2 Dillon on Munici
pal Corporations, p. 857. The payments must have been
made on compulsion, to prevent the immediate seizure of
his goods, or arrest of person, and not voluntary.

"We hold, therefore, the payments were voluntary in
this case, and the party not entitled to recover them back
from the corporation."

In *McRea* v. *Farnsworth,* MS. Nashville, Dec. Term,
1925, the court quoted with approval from 21 R. C. L.,
section 165, p. 141, as follows:

"It is a universally recognized rule that money volun-
tarily paid under a claim of right to the payment, and
with knowledge of the facts by the person making the
payment, cannot be recovered back on the ground that the
claim was illegal, or that there was no liability to pay
in the first instance.

"To the same effect is *Dickins* v. *Jones,* 6 Yerg., 483
[27 Am. Dec., 488]; *Hubbard* v. *Martin,* 8 Yerg., 498;
*Frazier* v. *Tubb,* 49 Tenn. [2 Heisk.], 667; and *Franklin
County* v. *Railroad,* 80 Tenn. [12 Lea], 541."

The authorities sustain the conclusion of the chan
cellor, and his decree is affirmed.