## CARR v. CITY OF MEMPHIS.

Circuit Court of Appeals, Sixth Circuit.
November 18, 1927.

No. 4802.

**1. Taxation** 543(6)—**Bill of complaint seeking recovery of taxes, alleging payment of taxes in ignorance of unconstitutionality of state law, held insufficient (Priv. Acts Tenn. 1919, c. 790).**

Bill of complaint, in action to recover taxes paid under Priv. Acts Tenn. 1919, c. 790, failing to allege that taxes were paid under protest, or under duress, *held* insufficient, notwithstanding allegation that payment was made in ignorance of fact that such law was unconstitutional, since public policy requires that taxpayer shall be presumed to know facts on which alleged unconstitutionality is based.

**2. Taxation** 538—**Exceptions to rule that money voluntarily paid cannot be recovered have no application to recovery of taxes, without authorizing statute.**

Exceptions to general rule that money voluntarily paid under a mistake of law cannot be recovered have no application to recovery of taxes paid to public authorities, in absence of authorizing statute.

**3. Licenses** 34—**Taxation** 538—**Taxes and license fees, voluntarily paid under unconstitutional statutes, or invalid ordinances, may not be recovered.**

Where taxes and license fees are voluntarily paid under unconstitutional statutes, or invalid ordinances, they may not be thereafter recovered.

Appeal from the District Court of the United States for the Western District of Tennessee; Harry B. Anderson, Judge.

Suit by R. L. Carr against the City of Memphis. Decree of dismissal, and plaintiff appeals. Affirmed.

James S. Pilcher, of Nashville, Tenn. (Collier & Collier, of Memphis, Tenn., and W. B. Campbell Pilcher, of Nashville, Tenn., on the brief), for appellant.

Edward B. Klewer, of Memphis, Tenn. (John L. Exby, of Memphis, Tenn., on the brief), for appellee.

Before DENISON and MOORMAN, Circuit Judges, and RAYMOND, District Judge.

PER CURIAM. Complainant assigns as error the dismissal of his bill of complaint upon the ground that it fails to allege that the taxes sought to be recovered from defendant were paid under protest, or under duress, and that, having been voluntarily paid, there can be no recovery therefor.

[1] The bill of complaint alleges payment of taxes under chapter 790 of the Private Acts of Tennessee of 1919; that said law is void because of noncompliance with constitutional requirements, in that the proposed law was read in the Senate only one time, and that the subject of the chapter is not expressed in the title; that the failure to read on three different days in each house appears in the Senate and House Journals; and that payment was made in ignorance of the fact that chapter 790 was unconstitutional.

[2, 3] The exceptions to the general rule that money voluntarily paid under mistake of law cannot be recovered, have no application to the recovery of taxes paid to the public authorities, in the absence of an authorizing statute. U. S. v. Norton, 97 U. S. 164, 24 L. Ed. 907; Railroad Co. v. Commissioners, 98 U. S. 541, 25 L. Ed. 196; Chesebrough v. U. S., 192 U. S. 253, 24 S. Ct. 262, 48 L. Ed. 432; Gulbenkian v. U. S. (C. C. A.) 175 F. 860; Cooley's Law of Taxation (4th Ed.) §§ 1282, 1294. The recovery of taxes and license fees voluntarily paid under unconstitutional statutes or invalid ordinances has been for many years consistently denied by the courts. See the Sonoma County Tax Case (C. C.) 13 F. 789; Board of Education v. Toennigs, 297 Ill. 469, 130 N. E. 758; Simpson v. City of New Orleans, 133 La. 384, 63 So. 57; Detroit v. Martin, 34 Mich. 170, 22 Am. Rep. 512; Prescott v. City of Memphis, 154 Tenn. 462, 285 S. W. 587, 48 A. L. R. 1378.

Appellant's contention that, because this is not a criminal proceeding, he may rest his right of recovery upon ignorance of the unconstitutionality of the statute, is not well founded. See Barlow v. U. S., 7 Pet. 404, 410, 8 L. Ed. 728. Neither may he successfully assert ignorance of the facts upon

which the alleged unconstitutionality is based, where these facts, as here, appear from public records. Public policy requires that he shall be presumed to know the facts so appearing.

The decree of the District Court is affirmed.