FLOYD SMITH, *et al., v.* H. T. GROCE, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed January 19 1929.

TURNER & CULLOM, for complainant, appellant.

BEN E. GROCE and O. K. HOLLIDAY, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This was an application to the Chancellor by members of the County Board of Education for a writ of mandamus to require the county court to levy a larger tax for high school purposes. The Chancellor dismissed the petition.

It appears that a budget was submitted by the Board of Education which would have called for a larger levy than was made by the Court, but the Court considered the recommendation of the Board of Education and adopted a smaller budget, and levied accordingly.

*(1)* Clearly discretion is conceded to the county court by paragraph 2 and 7 of section 9 of the General Education Bill (Chap. 115, Acts 1925).

It is insisted for petitioners that the county court was compelled to make a levy for high school purposes, and to exercise its discretion as to the amount in a reasonable way; that the budget submitted by the Board of Education carried the lowest figures consistent with proper conduct of a high school, and that the revised budget adopted by the Court, and to meet which the levies were made, was so inadequate as to be a pretense only, and that this constituted a refusal of the Court to perform the duty imposed by the Act of 1925.

*(2)* While mandamus may issue when the county court altogether refuses to make a levy for high school purposes (See *State ex rel.* v. *Meador,* 153 Tenn., 634), this rule has no application to such a situation as we have here presented, where the county court has made a levy for taxes in such amount as in the discretion of that Court will provide sufficient funds. Analyzed, the insistence here is that the Chancery Court shall review the action of the county court in determining the amount necessary to maintain a high school in Pickett County—

in effect the salaries to be paid teachers—a matter as to which discretion is vested in the county courts, and concerning which the members of that Court are peculiarly in position to exercise judgment.

In the Meador case above cited, from Macon County, the distinction is recognized and clearly stated in the opinion of Mr. Justice COOK. Affirming the action of the Chancellor in issuing the writ in that case he said: "The writ awarded by the Chancellor in no sense invades the discretion reposed in the county court, but merely commands the members of the Court to take action, as the responsible agents of the County, to observe the positive requirements of the Statute." And then he pointedly adds, "Their discretion was not, and could not be, directed or controlled."

In support both of the right to issue the writ in a proper case, and of such limitation upon the right as will leave the county court free to exercise "their own judgment and discretion in the manner of performance" of a duty enjoined by statute, that opinion cites High on Extraordinary Legal Remedies, section 34, 36, 41; and *Ins. Co.* v. *Craig,* 106 Tenn., 640, 62 S. W., 155. We do not think the record sustains the insistence that the action taken by the county court was a pretense only, amounting to no action at all, but that the difference between the budget submitted by the Board of Education and that adopted by the Court was a variation within the scope of the discretion of that Court.

The decree is affirmed.