IRA D. WHITLEY, Plaintiff in Error, v. BRY'S, Defendant in Error.

Western Section. March 31, 1932.

Petition for Certiorari denied by Supreme Court, July 23, 1932.

T. B. Passmore, of Memphis, for plaintiff in error.
George C. Lamana, of Memphis, for defendant in error.

HEISKELL, J.   This suit was brought by Bry's (Bry-Block Mercantile Co.) against Ira D. Whitley to recover a balance on account of $57.54. The only defense was a plea of set-off of $25. The suit was brought before a magistrate, then appealed by defendant to the circuit court. In both courts defendant's set off was denied and he has appealed to this court insisting that the set-off should have been allowed. There is practically no dispute about the facts. The defendant was an employee of the plaintiff during the year 1926 and most of 1927, during which time it was arranged and agreed between plaintiff and the defendant that the defendant could purchase and charge to his account with the plaintiff articles of merchandise which the plaintiff had in stock, and in payment for the running account which was thereby created between the two parties deductions were made from the defendant's wages each week.

The defendant had often in the past introduced and identified a person by the name of Ben A. Thompson to the cashier, and upon such identification, the cashier would cash personal checks of the said Ben A. Thompson. The said Ben A. Thompson was unknown to any of the agents of the plaintiff other than the defendant. On March 12, 1926, he again identified Ben A. Thompson at the office of the plaintiff and the plaintiff cashed a check in the amount of twenty-five dollars ($25), executed by the said Ben A. Thompson, after the same had been O. K'd by Mr. Gaut, the plaintiff's credit manager, the said payment being made without the defendant's endorsement or guarantee of payment in writing. The check was drawn on the

Bank of Houlka, Mississippi, and upon the return of the same with a notice from the bank that the account had been closed, the defendant along with the agents of the plaintiff, attempted to locate the said maker of the check to have the same paid by him, but were unable to do so.

Failing to locate Thompson, the plaintiff informed the defendant that he was expected to pay the amount of said check. The defendant denied liability for the check but on May 15, 1926, the $25 was charged against defendant, making his balance due $61.88. When defendant found that the $25 was charged to his account, he again complained and protested.

Monthly statements of defendant's account with the plaintiff were sent to defendant every month. The plaintiff continued to deduct from defendant's salary and credit on his account, with no further protest from defendant and without direction from him as to application of payments. Thus the matter ran along until finally on November 14, 1927, after defendant had left the employment of plaintiff his account on plaintiff's books showed a balance of $57.54, for which suit was brought and judgment obtained.

The sole question is, should the $25 have been deducted from this amount of $57.54 and judgment rendered only for the balance. The lower court took the view that while defendant did not admit the justice of plaintiff's claim against him for the $25, yet he allowed it to be paid by credits on his account without any direction as to application of payments. That in the absence of such direction the plaintiff had the right to apply payments made by defendant to the earliest items on the account first, and that in this way the $25 item was paid soon after it was entered as a charge against defendant, and long before any items accrued which entered into the final balance of $57.54. It is insisted for plaintiff that this holding of the trial court is well supported by authority.

In the case of running accounts between parties where there are various items of debit on one side and various items of credit on the other, occurring at different times, without any special appropriation of payments by either party, the settled rule is that the successive payments or credits are to be applied to the discharge of the items of debit, antecedently due, in the order of time in which they stand in the account, the earliest items being first extinguished. 48 C. J., 644; Lippman v. Boals, 16 Lea, 284; Southern Construction Co. v. Halliburton, 149 Tenn., 337, 258 S. W., 409; Dean v. Womack, 2 Tenn. Chancery App., 72.

A person cannot, either by way of set-off or counterclaim or direct action, recover back money which he has voluntarily paid with full knowledge of all the facts, and without any fraud, duress, or extortion, although no obligation as to such payment existed. 48 C.

J., 731; Baird Transfer Co. v. N. & L. Turnpike Co., 8 Tenn. App. Rep., 323; J. A. Prescott et al. v. City of Memphis, 154 Tenn., 462, 285 S. W., 587.

This item of $25 was charged on defendant's account on May 15, 1926, making the balance according to plaintiff's books $61.88. The account shows that from May 15, 1926, to July 21, 1926, there was credited on defendant's account, payments amounting to $62. There is nothing to show any direction from defendant as to application of payments and by July 21, 1926, the whole $61.88 including the $25 item had been extinguished. Between July 21, 1926, and the closing of the account on November 14, 1927, several times the balance of defendant's ran below $25. Once on November 10, 1926, it was $13.14. If defendant was not willing for his payments on account to be applied as plaintiff did apply them, it was his duty to notify plaintiff as to how payments should be applied. 48 C. J., 644; Reynolds v. McFarlane, 1 Overton, 488; Standard Oil Co. of La. v. Petroleum Products Co., Advance Sheets Tenn. Reports, p. 565.

A payment made with knowledge of all the facts is a voluntary payment even though the person making the payment files a written protest at the time of payment and money so voluntarily paid, cannot be recovered on the ground that the claim was illegal. Baird Transfer Co. v. N. & L. Turnpike Co., 8 App. Rep., 324; Prescott v. City of Memphis, 154 Tenn., 466; 48 C. J., 734.

As against these authorities the contention of defendant that the $25 claim was within the statute of frauds affords no defense.

The assignments of error are overruled and the judgment of the lower court is affirmed. Defendant will pay the costs of appeal.

Owen and Senter, JJ., concur.