**SEAGLE–PADDOCK POOLS OF MEMPHIS, INC., Appellant,**

v.

**Thomas D. BENSON, Commissioner of Revenue, State of Tennessee, Appellee.**

Supreme Court of Tennessee.

Sept. 17, 1973.

Thomas F. Johnston, J. Thomas Lowry, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, for appellant.

David M. Pack, Atty. Gen., Milton P. Rice, Deputy Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

HUMPHREYS, Justice.

This is an appeal by Seagle-Paddock Pools of Memphis, Inc. from a judgment of the Davidson County Chancery Court denying a peremptory writ of mandamus which sought to compel the Commissioner of Revenue to refund taxes it had paid. Seagle-Paddock is a Tennessee corporation with its principal place of business in Memphis. It is engaged in the construction of swimming pools in Tennessee and other states. During the years 1965 and 1966 it brought materials for use in swimming pool construction into the State of Tennessee from out-of-state supply sources. These materials were warehoused by appellant in Memphis and were taken from its warehouse and applied by it to jobs in Mississippi and Arkansas. In early 1968 appellant was audited for sales and use tax purposes and charged with a deficiency assessment of approximately $2,142.-29 with respect to the tangible personal

property imported and exported. The tax was paid without protest on April 19, 1968. About April 6, 1970, Seagle-Paddock filed a claim for refund of this assessment with the Commissioner of Revenue. The claim for refund was based on the opinion of this Court in Young Sales Corp. v. Benson, 224 Tenn. 88, 450 S.W.2d 574 (1970). This claim was denied, upon which Seagle-Paddock filed its petition for writ of mandamus, seeking to compel the Commissioner to refund this tax payment.

The Chancellor sustained the defenses advanced by the Commissioner, to wit: that § 67–2310 and 67–2311 T.C.A. provide the sole and exclusive remedy for the recovery of taxes erroneously or illegally collected; and that § 67–2301 T.C.A. is permissive rather than mandatory, so that mandamus will not lie. Seagle-Paddock has appealed and assigned this action of the Chancellor as error. We affirm the decree of the Chancellor.

We shall deal first with the last contention. § 67–2301 T.C.A. provides as follows:

"67–2301. *Adjustments and refunds.*— The commissioner of revenue with the approval of the attorney-general (except that such approval shall not be necessary where the amount involved does not exceed that authorized to be delegated to designated subordinate officials as provided hereinafter in § 67–2302) is empowered and directed to settle and adjust with taxpayers all errors and double assessments of taxes, including any license tax, privilege tax, inheritance tax, or other tax, erroneously or illegally collected for the use and benefit of the state by the county trustee or other county or state official, department, or department head, agent, or attorney, and to direct the refunding of the same; provided that claim therefor, supported by proper proof, be filed with said commissioner within two (2) years from date of payment, otherwise they are barred; further, the commissioner of revenue is em-

powered to make refunds with or without a claim therefor being filed, where he is in possession of proper proof and facts that a refund is due a taxpayer under the provisions of this section, and such proof and facts are known within the time period prescribed by this section or subsequent thereto by reason of a final court adjudication rendered within six (6) years from date of payment. A refund of corporate excise taxes due a taxpayer because of a decrease in net income divulged by an examination by the internal revenue service shall be allowed, provided that a claim therefor, supported by proper proof, shall be filed with the said commissioner within two (2) years from the date of such redetermination of net income by the internal revenue service.

The county court clerks of the various counties are also authorized and empowered to settle and adjust with taxpayers all errors and double assessments of county taxes erroneously or illegally collected by them and to direct the refunding of the same. Any claim for such refund by the county of taxes or revenue alleged to have been erroneously or illegally paid shall be filed with the county court clerk supported by proper proof within one (1) year from the date of payment, otherwise the taxpayer shall not be entitled to refund and said claim for refund shall be barred."

This Court and others have said concerning the common law or statutory writ of mandamus that it lies only to require the doing by a particular official of a ministerial act concerning which he is vested with no discretion. Where the official has a duty to do an act only after making determinations, evaluations or judgments, he cannot be compelled by mandamus to do the act or to do an act in any particular way. Smith v. Groce, 158 Tenn. 255, 12 S.W.2d 715 (1929); Whitesides v. Stewart, 91 Tenn. 710, 20 S.W. 245 (1892).

However, since the commissioner concedes that under the facts of the case and

under the opinion of this Court in Young Sales Corp. v. Benson, supra, there is no controversy about the amount of tax payment nor the fact that it was erroneously collected, it follows that he also concedes that there are no determinations, evaluations or judgments to be made by him so as to prevent the use by a court of the writ of mandamus. The concessions by the commissioner that this case is identical on its facts with *Young Sales Corp.* takes the case out from under the holding in Peerless Construction Co. v. Bass, 158 Tenn. 518, 14 S.W.2d 732.

It does not follow however from what we have said that we think that mandamus will lie. Conceding, as Seagle-Paddock argues, that the words "authorized and directed" would (standing alone) indicate a duty on the commissioner greater than the bare exercise of a discretion, it does not follow that the statute is enforceable by mandamus, because the commissioner is only "empowered and directed to settle and adjust with taxpayers all errors . . . . with the approval of the attorney-general." [1]

■ There is no suggestion that the attorney general has approved this claim for refund. And, since without this approval the commissioner could not refund it if he wanted to, it necessarily follows that he cannot be mandamused to make the refund. As is properly the case, the taxes having been paid without protest, and having gone into the State Treasury, the statute makes it necessary to gain the approval of the state's chief legal officer, the attorney general, before there can be a withdrawal from the treasury to make the refund.

In sum, we hold that § 67–2301 "empowers and directs" the commissioner of revenue to make refunds under § 67–2301 only in those cases where he has the approval of the attorney general so to do.

The decree of the Chancellor is affirmed.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and WILSON, Special Judge, concur.

## OPINION ON PETITION TO REHEAR

Seagle-Paddock has asked for a rehearing on the basis of an out of court, off the record, understanding its counsel had with the Attorney General that there would be no reliance on the fact that Seagle-Paddock had not made application to the Attorney General for approval of a refund as provided by statute.

While the correspondence on this matter is hardly as clear cut in favor of this proposition as Seagle-Paddock regards it, the Attorney General accepts Seagle-Paddock's interpretation of the correspondence and suggests that we decide the case on another basis than that employed in our opinion: namely, that § 67–2310 T.C.A. is supervening and that when it says it affords the only remedy, its declaration in that regard must prevail.

■ While we agree that this is the law, and that no suit can be maintained either by mandamus or otherwise to recover taxes that have not been paid under protest, we must adhere to our opinion, that under Section 67, Chapter 23, there are only two methods by which erroneously paid taxes can be recovered. One of these is by suit brought in accordance with § 67–2305 T.C.A. The other one of these is in accordance with § 67–2301 T.C.A.

■ The upshot of the matter is that the petition to rehear is not good. However, in consideration of the special circumstances of this case, and to do justice, to which this Court is committed, we hold in this case that the commencement of this

---

1. The only exception to this is that provided in § 67–2302 where designated subordinate officials are authorized to refund claims not in excess of $100.00. But even in these cases the attorney general must be notified of the action of the refund.

suit tolled the running of the limitation period provided in § 67–2301, and that Seagle-Paddock has the time afforded by the statute to apply to the Attorney General for approval of its claimed refund.

The action of the Attorney General on the claim, which should be in accord with the merits of the claim and not in accord with the prior judgment of the commissioner thereon, shall be final and not subject to review.

DYER, C. J., CHATTIN and McCANLESS, JJ., and WILSON, Special Judge, concur.