STATE of Tennessee, ex rel. Betty BUTLER, and Betty Butler, Individually, Plaintiff-Appellant,

v.

Sue ALEXANDER, M. Lloyd Downen, Haywood Luck, Earl T. Wood, Jr., Ben T. Surber, Robert Churchwell, Opal Sasser, Elree Horton, Mrs. Jim (Eura) Therrell, and Larry Wayne Travis, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section.

March 8, 1982.

Permission to Appeal Denied by Supreme Court June 1, 1982.

W. H. Lassiter and C. Mark Ramsey, Lassiter & Jones, Huntingdon, for plaintiff-appellant.

J. Lee Taylor, Taylor & Keeton, Huntingdon, for defendant-appellee Sue Alexander.

Robert T. Keeton, Jr., Taylor & Keeton, Huntingdon, for defendant-appellee Carroll County Agricultural Committee.

Tom Elam, Elam, Glasgow, Tanner & Acree, Union City, of counsel, for defendants-appellees.

Beauchamp E. Brogan, Gen. Counsel, The University of Tennessee, and Alan M. Parker, Associate Gen. Counsel, Knoxville, for defendants-appellees Sue Alexander, Haywood Luck and Lloyd Downen.

TOMLIN, Judge.

The plaintiff has appealed from an order of the Circuit Court of Carroll County, rendering summary judgment against her. Plaintiff filed suit against the defendants, seeking to have herself named as the Associate Extension Agent for Carroll County, or, in the alternative, for monetary damages for her failure to be elected. The trial court treated the complaint as one for a writ of mandamus, rather than a suit involving a contested election. The Honorable Joseph Spencer, a specially-designated judge, in a well-written opinion, held that the vote of the Carroll County Agricultural Extension Committee was not an election, that the duties of the state officials involved were discretionary in nature, and that no cause of action for damages was alleged as to them. By this appeal, plaintiff raises two issues: (1) That the trial court was in error in holding that the state officials and members of the Carroll County committee occupied positions calling on them to exercise discretionary powers, as opposed to ministerial powers; and (2) That the trial court erred in holding that there was no cause of action for damages against defendants Luck and Downen. The trial court was correct in granting defendants' motion for summary judgment.

A vacancy developed in the position of Adult Home Demonstration Agent for Carroll County, formally called an "Associate Extension Agent." By statute, all counties working with the state agricultural extension service are required to elect a seven-member agricultural extension committee. See T.C.A. Sec. 49–3406. The duties of the committee are spelled out in the statute, a portion of which reads as follows:

The functions of the committee shall be:

(1) To act with duly authorized representatives of the state agricultural exten-

sion service in the employment and/or removal of personnel receiving funds from county extension appropriations...

The extension service is an agricultural service which is a part of the University of Tennessee, and employees of the service are actually employees of the university. The service is funded by the federal government, the State of Tennessee, and the counties in which they function. When such a vacancy occurs, the seven-man committee is required to meet, select and recommend a person from among the applicants. After such a recommendation is made, it is the responsibility of the district supervisor—in this case, Haywood Luck—to consider and approve or disapprove the committee's recommendation and forward it to the dean of the agricultural extension service of the University of Tennessee in Knoxville. Although final approval is vested in the Secretary of the Department of Agriculture of the United States Government, this right has been delegated by the Secretary to Dean Downen, who may approve or reject the recommended applicant. Not until approval by Dean Downen does the person recommended become a part of the service.

The plaintiff, defendant Sue Alexander, and two others had applied for the vacant position. Preliminarily, defendants Luck and Downen had determined that all four applicants met the minimum qualifications for the position. The Carroll County Committee met to consider the selection of one of the four applicants as the person to be recommended, in accordance with the above-described process. Haywood Luck, as district supervisor, was in attendance at this meeting. All seven members of the committee were present. A vote was taken, and the plaintiff received four votes to three for the defendant Alexander. After this vote, the defendant Luck advised the committee that he thought it required five signatures of the committee for recommendation of an applicant for a vacancy. Other votes were taken at that meeting, the result of which was four for the defendant Sue Alexander, and three for the plaintiff. No recommendation was submitted as a result of that meeting, and it was adjourned for

the purpose of the defendant Luck obtaining additional information concerning the number of signatures that the committee needed on the agreement.

Approximately a week later, the full committee met again, along with the defendant Luck. At that time, Luck advised the committee that he had consulted with Dean Downen; that he, Luck, had been mistaken regarding the need for five signatures, and that four signatures were all that was required. Luck suggested to the committee that it sign the Memorandum of Agreement between the extension service and the county committee, through which the appointment of the plaintiff was recommended to the university. The chairman of the committee ruled that the committee would vote again, and upon being challenged, the chairman's ruling was upheld. At the first vote of this second meeting, the vote was four for the defendant Sue Alexander, and three for plaintiff. The four members of the committee then signed the Memorandum of Agreement on behalf of defendant Sue Alexander. This was approved by defendant Luck and forwarded to Dean Downen for action.

The Memorandum of Agreement reads in part as follows:

"MEMORANDUM OF AGREEMENT
BETWEEN THE AGRICULTURAL EXTENSION SERVICE
OF THE UNIVERSITY OF TENNESEEE AND
COUNTY AGRICULTURAL EXTENSION COMMITTEE

County   Carroll ____                    Date April 27, 1979

We, the undersigned, members of the Agricultural Extension

Committee of Carroll ____ County, do hereby recommend to the

Agricultural Extension Service of The University of Tennessee the

appointment or reappointment of Janet Sue Alexander to serve
                                              (Name)
in the respective position of Associate Extension Agent from
                                            (Title)
June 8, 1979 ____ until such time as conditions shall necessitate a
   (Date)
change.

•  •  •

We further understand that the final approval of the above recommended appointment rests with and is vested in the office of the Secretary of the United States Department of Agriculture. . ."

After Dean Downen approved Sue Alexander, who was then employed for the posi-

tion, this suit was brought. Defendants filed a motion to dismiss, as well as a motion for summary judgment. Affidavits were filed by defendants in support of their Motion for Summary Judgment. Plaintiff filed counter affidavits, as well as discovery depositions of the defendants Downen and Luck, among others.

## I. COMMITTEE ACTION WAS NOT AN "ELECTION;" MANDAMUS DOES NOT LIE

Plaintiff takes the position that the Carroll County Agricultural Extension Committee "elected" her on the first ballot at the first meeting, and that she thus acquired a vested interest or right to the office of Associate Extension Agent. With this we cannot agree. Aside from the allegations in the complaint, there are no facts to support the allegation that the committee action was an "election." All the facts before the court are to the contrary.

Rule 56.05, T.R.C.P., provides in part as follows:

> ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ Elsewhere in Rule 56.05, T.R.C.P., it is stated: "Supporting and opposing affidavits shall be made *on personal knowledge*, shall set forth such facts as would be admissible in evidence, and *shall show affirmatively that the affiant is competent to testify to the matters stated therein...*" (emphasis supplied). Neither of the two counter-affidavits filed on behalf of the plaintiff in response to defendants' motion for summary judgment, nor the affidavit of the members of the Carroll County Extension Committee, in any way asserts that it was made on the personal knowledge of the affiant. In addition, several of the state-

ments contained in the affidavits of the plaintiff and committee member Horton relate what had been told them by some third party. In other words, neither of these three affidavits complies with the above-mentioned requirements of Rule 56.05 and thus cannot be considered by this Court in determining if there is a genuine, substantial or real issue of fact. *Teeters v. Currey*, 518 S.W.2d 512 (Tenn.1974). However, our decision does not turn upon this technicality, valid though it may be.

■ There is nothing whatsoever in the Code section creating county extension committees that gives such committees the power to "elect" agricultural extension agents. T.C.A. Sec. 49–3406 states that among the functions of the committee shall be the privilege "to act with duly authorized representatives of the state agricultural extension service in the employment and/or removal of personnel..." As already noted, the Memorandum of Agreement by which an applicant's name is submitted to the University of Tennessee contains language to the specific effect that the county committee "hereby recommends" the person and states further that "We further understand that the final approval of the above recommended appointment rests with and is vested in the office of the Secretary of the United States Department of Agriculture...." Both the affidavits of the defendant Luck and Downen, which state that they are made on personal knowledge, are to the effect that the action of the county committee is commendatory only, and that each defendant, in the exercising of the duties of his respective office, has the right and privilege of rejecting the recommendation of the county committee, and that the person recommended does not become an employee of the State of Tennessee until approved and authorized by the defendant Downen. The technical deficiency of plaintiff's affidavit notwithstanding, there is nothing in either affidavit to counter this statement of fact.

It has long been established in this state that mandamus lies only to require the performance by an official of a ministerial act

or duty for which he has no discretion. If it appears that the official has a duty to do an act only after making judgments, evaluations or determinations, the official cannot be compelled by a writ of mandamus to do that act or to do it in a particular way. *Seagle-Paddock Pools of Memphis, Inc. v. Benson*, 503 S.W.2d 93 (Tenn.1973).

In the case of *Lamb v. State ex rel. Kisabeth*, 207 Tenn. 159, 338 S.W.2d 584, 586 (1960), an opinion by our Supreme Court, it is stated:

> The authorities likewise are uniform in recognizing the fact that an act is ministerial, in the sense that we are talking about, when there is no room for the exercise of discretion because the act is a positive command of the law as above indicated by the statute in question. When we come to distinguish a ministerial act from a discretionary act the question is not always easy of solution. One involves the exercise of judgment and the other merely the carrying out of the command of law. The best answer to the question of distinguishing between a discretionary and a ministerial duty that we have found in our study of the matter is contained in 55 C.J.S. Mandamus § 63, page 101, where it is said:
>
> > "... where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial, but where the act to be done involves the exercise of discretion or judgment it is discretionary and is not to be deemed merely ministerial."

Applying these principles to the defendants Luck and Downen, the facts are undisputed that the function of the Carroll County committee is to recommend a person for consideration first by Luck and then by Downen. As stated by Luck in his affidavit:

> I am not required to accept the committee's recommendation, and I have the right to reject any applicant recommended to me by the committee.

Likewise, the defendant Downen stated in his affidavit:

> ... Notwithstanding the fact that the University customarily approves recommendations of the various county agriculture extension committees, the University is not required to do so and can reject any applicant recommended.... Had the committee failed to recommend an applicant desired by the University, or recommended the least desirable applicant, such recommendation could have been rejected at any step in the approval process stated herein. Additionally, the University could have changed its mind and not filled the position.

We also cannot agree with the contention of the plaintiff that she was "elected" by the first ballot at the first meeting, and that the subsequent action of the Carroll County committee in recommending the defendant Sue Alexander was invalid and illegal.

Inasmuch as the action of the Carroll County committee was not final, it was not an election and could be reconsidered by it or rescinded, if desired, at any time before the dean of the university made the appointment. As stated in 63 Am.Jur.2d, Public Officers And Employees, Sec. 103, "... As a general rule, an appointment is not subject to reconsideration after it is complete and the appointee becomes entitled to the office." Section 107 further states, however: "Until the appointment has become complete, it may be reconsidered and rescinded."

■ Inasmuch as the rights of the plaintiff had not vested, there was nothing improper or inappropriate for the committee, at the first meeting or at a later one, to reconsider its action and to revote as to whom it would recommend to the University of Tennessee, if anyone. See 56 Am. Jur.2d, Municipal Corporations, Sec. 352.

## II. INDIVIDUAL LIABILITY OF DEFENDANTS LUCK AND DOWNEN.

It has long been established in this state that there is no liability for the negligent performance of discretionary acts by public

officials in Tennessee without a showing of willfulness and malice. In the case of *State ex rel. Robertson v. Farmers' State Bank*, 162 Tenn. 499, 39 S.W.2d 281 (1931), our Supreme Court adopted the following as the rule:

> Where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision, provided the acts complained of are done within the scope of the officer's authority, and without willfulness, malice or corruption. *This immunity from civil liability for a mistake in judgment extends to errors in the determination both of law and of fact.* Therefore where the question of his liability is involved, *it is not material whether he used reasonable care in ascertaining the facts on which his judgment was founded.*
>
> It follows, therefore, that, *in order to sustain a cause of action for private injury against a quasi-judicial officer, that is, an officer charged with the duty of exercising a discretion, it must appear that he acted willfully, maliciously, or corruptly.* No such facts are presented by the petitions. (39 S.W.2d at pp. 282–283). (emphasis added).

Applying these principles to the facts before us, the defendant Luck is charged with wrongfully, unlawfully and negligently advising the committee as to their actions, and the defendant Downen is charged with wrongfully, unlawfully and negligently withholding information from the defendant Luck. There is no allegation of maliciousness or willfulness as to the actions of either defendant.

Furthermore, the sworn affidavits of these two defendants establish that the duties of their respective offices are clearly discretionary. That being so, defendants Luck and Downen fall under this umbrella of immunity. The trial court was correct in granting defendants' motion for summary judgment on this issue.

Lastly, while Sue Alexander was made a defendant, no charges or allegations appear in the complaint against her, other than the allegation that she was recommended by the committee, approved by defendant Luck and selected by defendant Downen. Plaintiff has failed to state a cause of action as to her, and the case was properly dismissed as to her.

The judgment of the trial court is affirmed. Costs in this cause are taxed to the appellant, for which execution may issue, if necessary.

SUMMERS, J., and RILEY, Special Judge, concur.