**VOLUNTEER STRUCTURES, INC., Appellant,**

v.

**Martha B. OLSEN, Commissioner of Revenue for the State of Tennessee, et al., Appellees.**

Supreme Court of Tennessee.

Oct. 18, 1982.

Hugh C. Howser, Sr., Hugh C. Howser, Jr., Edmund W. Turnley, III, Howser, Thomas, Summers, Binkley & Archer, Nashville, for appellant.

Kathryn Behm Celauro, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellees.

## OPINION

**PER CURIAM.**

This appeal presents the primary question: Is the action of the Commissioner of Revenue denying a claim for refund of sales and use taxes paid subject to judicial review under the Tennessee Uniform Administrative Procedures Act? The chancellor held it was not and dismissed appellant's petition. We affirm the action of the chancellor.

Volunteer Structures, Incorporated filed a claim with the Commissioner of Revenue for refund of sales and use tax allegedly paid as "a result of a miscalculation as to which of Volunteer's products were subject to a sales tax." The claim was denied by the commissioner because no refunds had been made and no credits issued to return

the alleged overpayments to Volunteer's customers.

T.C.A. § 67–3033 provides that "upon any claim of illegal assessment and collection [of sales and use taxes] the taxpayer shall have his remedy under §§ 67–2303—67–2312, and also shall be allowed to file claims for refund in the manner authorized by the general law."

T.C.A. §§ 67–2303—67–2312 grants the taxpayer the right to file suit for recovery of taxes, but only in those instances where the taxes were paid under protest. *See* T.C.A. § 67–2310, wherein it is expressly provided that:

> There shall be no other remedy in any case of the collection of revenue . . . .

As is pointed out by the state in its brief, "the apparent purpose for a single [judicial] remedy for illegal tax collections is manifest. The state has no money except such as it receives by way of taxation. Its expenditures must be governed by legislative appropriations, which in turn must be based upon budgetary estimates. Such budgetary estimates are predicated upon projections of revenues. If tax collections are to be placed in jeopardy the state's fiscal officers must be made aware of that fact from the moment of collection, to the end that there may be an impoundment of amounts sufficient to pay judgments without imperiling legislatively ordained programs."

The taxpayer, however, is not totally without remedy where taxes are paid, but not under protest. He can "file claims for refund in the manner authorized by the general law." *See* T.C.A. § 67–3033 and also § 67–2301. The latter statute empowers and directs the Commissioner of Revenue, with the approval of the attorney general, "to settle and adjust with taxpayers all errors and double assessments of taxes . . . erroneously or illegally collected for the use and benefit of the state . . . and to direct the refunding of the same." T.C.A. § 67–2301.

In *Seagle-Paddock Pools of Memphis, Inc. v. Benson,* 503 S.W.2d 93 (Tenn.1973), wherein this court affirmed the denial of a writ of mandamus to require the Commissioner of Revenue to refund sales tax erroneously collected, it was pointed out that the remedy under T.C.A. § 67–2301 is permissive not mandatory and that the action of the commissioner and the attorney general on the claim is final and not subject to review.

We find nothing in the Uniform Administrative Procedures Act showing an intent to change this basic law. To the contrary, the Act provides that "nothing in [the Act] shall be held to modify or repeal the statutes with respect to payment of taxes under protest and suits for the recovery thereof." T.C.A. § 4–5–119(c).

Decree of the chancellor is affirmed. Cost incident to the appeal are adjudged against the appellant and its surety.