The HERTZ CORPORATION,
Plaintiff-Appellee,

v.

The COUNTY OF SHELBY and Richard Hackett, Shelby County Clerk,
Defendants-Appellants.

Supreme Court of Tennessee,
at Jackson.

March 26, 1984.

William A. Carson, II, Joseph B. Walker, Memphis, for plaintiff-appellee; Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, of counsel.

J. Minor Tait, Jr., Asst. County Atty., Memphis, for defendants-appellants.

John P. Long, James L. Murphy, III, Nashville, for amicus curiae, The Metropolitan Government of Nashville and Davidson County.

## OPINION

BROCK, Justice.

For the taxable year 1978 the plaintiff, Hertz, paid to the defendant, Shelby County, property taxes assessed upon its inventory of motor vehicles which it was in the business of leasing in Shelby County and, at the same time, for the taxable year 1978 also paid the "business tax" levied upon the gross receipts of its business conducted in Shelby County, payment of both the property taxes and business taxes being made without protest. Later, the plaintiff decided that it was not liable for the property taxes thus paid upon its inventory because the Business Tax Act expressly provides that the tax imposed thereunder is "in lieu of any or all ad valorem taxes on the inventories of merchandise held for sale or exchange," "sale" being defined in another section of the Business Tax Act as including "lease or rental ... of tangible personal property for a consideration." Moreover, a section of the Property Tax Act expressly excepts from property assessable thereunder the "inventories of merchandise held by merchants and businesses for sale and exchange by persons taxable under [the Business Tax Act]."

The plaintiff's argument that it did not owe the property taxes paid on its inventory was confirmed by two decisions of the Court of Appeals in mid-1979, *Dixie Rents, Inc. v. City of Memphis*, Tenn.App., 594 S.W.2d 397 (1979) and *Art Pancake's United Rent-All v. Ferguson*, Tenn.App., 601 S.W.2d 926 (1979) in which it was held that companies maintaining inventories of personal property for lease or rental to the public were exempt from personal property taxes on such rental inventories as the gross receipts tax was in lieu of ad valorem personal property taxes.

In an effort to recover a refund of the property taxes paid for the taxable year 1978, the plaintiff filed a claim for a refund with the defendant Hackett, County Court Clerk, under the provisions of T.C.A., § 67–1–707(b) (67–2301). That statute provides:

"The county clerks of the various counties are also authorized and empowered to settle and adjust with taxpayers all errors and double assessments of county taxes erroneously or illegally collected by them and to direct the refunding of the same. Any claim for such refund by the county of taxes or revenue alleged to have been erroneously or illegally paid shall be filed with the county clerk supported by a proper proof within one (1) year from the date of payment, otherwise the taxpayer shall not be entitled to refund and said claim for refund shall be barred."

The County Court Clerk denied the plaintiff's claim, whereupon, plaintiff filed this action in the Chancery Court against the Clerk and Shelby County seeking to recover the alleged overpayment of property taxes.

The complaint alleged that the taxes were "wrongfully assessed and unlawfully required to be paid," asserting the statutory exemption of inventories of personal property held by the plaintiff for rental to the general public, alleged that the plaintiff had timely filed a claim for refund of the same, that the claim for refund was denied, and that the plaintiff was entitled to recover the same in this action.

The complaint did not allege that the taxes in question had been paid under protest or that they were paid involuntarily, under duress or coercion. It is apparent that plaintiff conceived its action to be one to enforce what it conceived to be the duty of the clerk under the above quoted provision of T.C.A., § 67–1–707(b), that is, that this is a form of appeal from the denial of refund by the County Court Clerk.

The defendants filed a motion under Rule 12, Tennessee Rules of Civil Procedure, to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. The Chancellor granted the motion to dismiss and the plaintiff appealed to the Court of Appeals.

That Court held that T.C.A., § 67–1–707(b) (67–2301), applied only to taxes collected by the County Court Clerk and to "errors and double assessments" related to those taxes and, thus, did not provide an appropriate remedy for the plaintiff in this case. That court, however, being of the opinion that "... when the inequity of such payment appears obvious, if it is within the power of this court to fashion an equitable remedy for taxpayers who have paid taxes for which they are not legally liable, it should do so ...," proceeded to hold that a payment made under a "mistake of concept of legal liability" amounted to a mistake of fact for which relief should be granted. It proceeded to find that such a "mistake of concept of legal liability" was alleged in

the instant case and awarded judgment accordingly. We granted the defendants' application for permission to appeal.

We are of the opinion that our decision in *Volunteer Structures, Inc. v. Olsen,* Tenn., 640 S.W.2d 221 (1982) is determinative of this appeal. In that case the taxpayer sought a refund on much the same grounds as those asserted by the plaintiff in this case. The taxpayer had sought a refund under T.C.A., § 67–2301(a) [now 67–1–707(a) ] being a portion of the same statute under which the taxpayer has proceeded in the instant case. Subsection (a) applies to taxes assessed and collected by the state while subsection (b) applies to taxes assessed and collected by the counties. The Commissioner of Revenue denied the claim and the taxpayer sought judicial review of that action under the Tennessee Uniform Administrative Procedures Act. This Court held that the remedy afforded by T.C.A., § 67–2301 (now 67–1–707) is "permissive, not mandatory" and that the action of the Commissioner and the Attorney General denying the claim was final and not subject to judicial review, citing *Seagle-Paddock Pools of Memphis, Inc. v. Benson,* Tenn., 503 S.W.2d 93 (1973). The Court, quoting T.C.A., § 67–2301 (now 67–1–707), observed that the statute empowers and directs the Commissioner of Revenue

> "with the approval of the attorney general to settle and adjust with taxpayers all errors and double assessments of taxes ... erroneously or illegally collected for the use and benefit of the state ... and to direct the refunding of the same." 503 S.W.2d at 95.

We went ahead, however, to hold that a taxpayer who seeks the aid of the courts in recovering an alleged overpayment of taxes must first pay them under protest and file suit for recovery, as provided by T.C.A., § 67–1–901, *et seq.*

The very same view of the nature of T.C.A., § 67–2301 (now 67–1–707), was expressed in *Holloway v. Putnam County,* Tenn., 534 S.W.2d 292 (1976) as follows:

> "It was the evident purpose of this enactment to provide an efficient, expeditious

and inexpensive remedy for county taxpayers who are the victims of *errors and double assessments* and, therefore, of taxes erroneously and illegally collected. This is a permissive and alternative administrative remedy but is not mandatory or exclusive. It provides an unacceptable remedy for a taxpayer whose taxes are tainted with the illegality of wrongful assessments or any form of invalidity which may not be processed on an administrative basis. *See Seagle-Paddock Pools of Memphis, Inc. v. Benson,* 503 S.W.2d 93 (Tenn.1973).

"This is the only portion of the statutory scheme which has any relation to county revenue.

"We hold that a taxpayer has two remedies for the recovery of county taxes, *viz.*: (1) the administrative procedure provided under § 67–2301, T.C.A. and (2) payment under protest and a common law ·suit for recovery. Such a suit is in the nature of an action of assumpsit for money had and received and is governed by the six-year statute of limitations as set forth in § 28–309, T.C.A. The cause of action accrues and the action begins to run on the date of payment of taxes under protest." (Emphasis theirs.) 534 S.W.2d at 294–5.

■ We adhere to the views expressed in those cases that the administrative remedy provided by T.C.A., § 67–1–707 (formerly 67–2301) is not reviewable in the courts.

■ Aside from the administrative remedy, and treating the plaintiff's complaint as asserting an action for money had and received, we hold that it must fail because the alleged overpayment of taxes was not made involuntarily, under coercion or duress as defined and required by our decisions, including *Stroop v. Rutherford County,* Tenn., 567 S.W.2d 753 (1978). In *Stroop* we held that in an overpayment of county taxes, as distinguished from municipal or state taxes, a taxpayer could maintain a suit to recover overpayment, although he did not make formal protest at the time of payment, provided, he could allege and prove that the taxes sought had been illegally exacted and paid involuntarily under coercion or duress. However, in that case, we observed "it is generally agreed that if a taxpayer pays an illegal tax demand, with full knowledge of all of the facts which render such demand illegal, without an immediate and urgent necessity for making such payment at the time, such a payment must be deemed to be voluntary, and cannot be recovered back." Such is the case here.

■ An overpayment of taxes due to a mistake of the law or its application is, nevertheless, a voluntary payment and cannot be recovered. *Prescott v. City of Memphis,* 154 Tenn. 462, 285 S.W. 587 (1926); *Lea v. City of Memphis,* 68 Tenn. 103 (1887); *Dickins v. Jones,* 14 Tenn. 483 (1834); 84 C.J.S. *Taxation,* § 637.—Mistake of Law or Fact, (1954) and cases there cited. No mistake of fact has been asserted in the case at bar, hence, we need not discuss whether or not a payment due to a mistake of fact is recoverable. We hold that here the plaintiff has shown nothing more than a voluntary payment of taxes which it did not owe; accordingly, under the statutes and applicable decisions of this Court plaintiff's action cannot be maintained.

The decree of the Court of Appeals is reversed and that of the Chancellor affirmed. Costs incurred upon appeal are taxed against the plaintiff-appellee.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.