In re Alvie Ray DOWNS, d/b/a Al Downs Construction Company, Debtor.

C. Kenneth STILL, Trustee, Plaintiff,

v.

KINGSBERRY HOMES, A DIVISION OF BOISE–CASCADE COMPANY and Coy Brinkley, d/b/a 20th Century Decorating, Defendants.

Bankruptcy No. 1–83–01702.
Adv. No. 1–83–0602.

United States Bankruptcy Court, E.D. Tennessee.

March 15, 1985.

Harry R. Cash of Brown, Dobson, Burnette & Kesler, Chattanooga, Tenn., for plaintiff.

H. Thomas Parsons, Manchester, Tenn., for defendant, Kingsberry Homes.

Frank Van Cleave, Ray & Van Cleave, Tullahoma, Tenn., for defendant, Coy Brinkley.

### MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

*Trustee v. Kingsberry Homes*

This is a suit by the trustee in bankruptcy to recover an alleged preferential payment to a creditor that furnished supplies to the debtor for use in his construction

business. The parties stipulated the facts as follows.

The debtor, Alvie Ray Downs, d/b/a Al Downs Construction Company, (hereinafter "Debtor") filed his voluntary petition in bankruptcy on September 12, 1983.

The debtor ordered materials costing $14,450.14 from Kingsberry Homes, a Division of Boise-Cascade Company (hereinafter "Creditor") on May 13, 1983, and asked that delivery be made to a job site in Hillsboro, Tennessee, on May 31, 1983.

The materials ordered by the debtor were shipped on May 30, 1983 and were delivered to the job site in Hillsboro, Tennessee, by creditor on May 31, 1983.

The debtor was invoiced for the materials purchased from the Boise Company in the amount of $14,450.14.

On July 8, 1983, the debtor issued a check to the Boise Company in the amount of $14,450.14 for the materials ordered on May 13, 1983 and received on May 31, 1983. This check was initially dishonored by the drawee bank, Coalmont Savings Bank, due to insufficient funds. The bank honored the check on July 28, 1983 when it was presented a second time.

The creditor's defenses are based on two exceptions to the trustee's right to avoid preferential transfers. The exceptions are known as the "ordinary course of business" exception and the "contemporaneous exchange" exception. They are provided by Bankruptcy Code § 547(c)(1) and (2) as follows:

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor ... to be a contemporaneous exchange for new value given by the debtor; and

(B) in fact a substantially contemporaneous exchange;

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms;

. . . .

11 U.S.C.A. § 547.

■ The debt for the materials was incurred at the latest when they were delivered to the job site on May 31, 1983. *In re Blanton Smith Corp.,* 37 B.R. 303, 10 C.B. C.2d 299 (Bankr.M.D.Tenn.1984); *In re Holder & Northern Lumber Co., Inc.,* 37 B.R. 265 (Bankr.M.D.Tenn.1984).

The debtor issued a check in payment of the debt on July 8, 1983. The stipulated facts do not show whether the defendant received the check on the same date or later.

■ For purposes of the ordinary course of business exception, payment by check may be considered made when the creditor receives the check. This was pointed out in the court's decision in *In re Fassnacht. In re Fassnacht, Jahn v. Reading Body Works,* 45 B.R. 209 (1984), citing *In re Johnson,* 25 B.R. 889 (Bankr.E.D.Tenn. 1982) (Judge Kelley).

■ If the defendant received the check before July 16, 1983, which seems likely, then it received it within 45 days after the goods were received by the debtor. In this case, however, the date the check was received should not be treated as the date of payment because the check was dishonored when first presented. Payment was not made when the check was received because the check was not good when first presented. Furthermore, subparagraph (C), and perhaps subparagraph (D), of the exception probably are not satisfied when a check is dishonored and must be re-presented in order to obtain payment. Subparagraphs (C) and (D) require that the payment be made in the ordinary course of business of the

debtor and the creditor and that the payment be made according to ordinary business terms. The date the check was honored should be considered the date of payment. That was July 28, 1983, which was more than 45 days after the debt was incurred. The ordinary course of business exception does not apply.

The 45-day limit has been deleted from the ordinary course of business exception but only for bankruptcy cases filed on or after October 9, 1984. Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L.No. 98–353, 98 Stat. 333, §§ 462(c) & 553.

█ The contemporaneous exchange exception apparently cannot be applied since the more specific ordinary course of business exception applies. *In re Arnett*, 731 F.2d 358, 11 B.C.D. 1097, 10 C.B.C.2d 533 (6th Cir.1984). In any event, the court thinks that payment on July 28 for goods delivered on May 31 is not substantially contemporaneous.

The overall result is that the trustee is entitled to recover the payment in the amount of $14,450.14. The court will enter an order accordingly.

### Trustee v. Coy Brinkley

This is a suit by the bankruptcy trustee to recover alleged preferential payments made by the debtor to the defendant in return for services and supplies that the defendant furnished the debtor. The parties stipulated the following facts.

The debtor, Alvie Ray Downs, doing business as Al Downs Construction Company, filed a voluntary chapter 7 bankruptcy petition on September 12, 1983.

The defendant, Coy Brinkley, doing business as 20th Century Decorating, is in the business of supplying, selling, and installing carpet, floor covering, wallpaper, and draperies.

The debtor was a regular customer of the defendant before the debtor filed his petition in bankruptcy.

On July 9, 1983, the debtor delivered a check to the defendant in the amount of $3,500 in payment of his then outstanding indebtedness to the defendant.

Also on July 9, 1983, the check was credited against the debtor's outstanding bills as shown by the defendant's ledger.

The check was honored by the bank on July 12, 1983.

Between receipt of the check on July 9, 1983, and filing of the debtor's bankruptcy petition, the defendant furnished the debtor additional services and supplies for which the bill was $2,093.00. The defendant's ledger reflects that the services and supplies were furnished on July 20, 1983.

Before receipt of the check on July 9, 1983, the defendant's ledger showed the following charges for services and supplies furnished on the dates given:

| | | |
|---|---|---|
| 6–26–83 | Pete Miller wallpaper | $ 369.24 |
| 6–26–83 | Pete Miller job | 2,067.21 |
| 5–25–83 | Keasling job | 1,789.55 |
| | | $4,226.00 |

As of May 16, 1983, the defendant was owed $1,382.26 for services and supplies furnished before those set out in the above table.

The defendant did not defend on the ground that the $3,500 payment was not preferential within the meaning of Bankruptcy Code § 547(b). The defendant relied on two exceptions set out in § 547(c) to protect certain preferential transfers from recovery by the trustee. 11 U.S.C.A. § 547.

The trustee concedes that the defendant is entitled to $2,093 credit under the exception set out in § 547(c)(4). The most the trustee can recover is $1,407.

The defendant contends that this amount of the payment is protected by the ordinary course of business exception set out in § 547(c)(2).

█ The only real dispute is whether delivery of the check to the defendant on July 9, 1983 was payment within 45 days after the debts were incurred. The court has held that for purposes of § 547(c)(2) payment by check is made when the check

is received if the check is not dishonored. Thus, the payment was made on July 9, 1983. If the services and materials were furnished on May 25 or later, then the payment was made within 45 days *after* the debt was incurred.

Apparently the payment was simply credited against the debtor's running account. It should be held that the payment was applied to the oldest debts first. *Whitley v. Brys*, 15 Tenn.App. 86 (1932); see also *Matter of Georgia Steel, Inc.*, 38 B.R. 829, 11 B.C.D. 1163 (Bankr.M.D.Ga. 1984).

The result is that of the $1,407 in question, $24.74 was applied to a debt incurred on May 25, 1983. That amount is not recoverable because paid within 45 days after the debt was incurred.

However, the remaining $1,382.26, was applied to a debt owed for more than 45 days and thus is not within the exception.

The court will enter an order that the trustee recover $1,382.26.

It is so ordered.