The State, *ex rel.* Joseph Uhl, *v.* James L. Gaines, Comptroller.

Tax Sales. *Clerks' fees.* Section 5, Act of 1879, chapter 245, construed to mean that the State is not to pay the fees of Clerks in cases where the lands have been previously sold by the State and not redeemed at the time of second sale, but in such cases the Clerk may collect the fees from the delinquent taxpayer.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. J. O. Pierce, J.

State *v.* Gaines.

J. B. & C. W. HEISKELL for Uhl.

Attorney-General LEA for The State

McFARLAND, J., delivered the opinion of the Court.

This is a proceeding by mandamus to compel the Comptroller, Gaines, to issue his warrant for the amount claimed by the relator, Uhl, for services rendered by him as Clerk of the Circuit Court of Shelby County, in relation to the sale of lands bought in for the use of the State for taxes.

The relator claims the fees allowed by the 79th section of the Act of 1873, chapter 118, that is to say, one dollar for each separate tract, lot or parcel of land sold.

On the other hand, it is claimed that the above section is repealed or modified by the 5th section of the Act of 1879, chapter 245.

It is argued that the latter Act does not operate to repeal the former, because it does not comply with sec. 17, art. 2, of the Constitution, as follows: "All laws which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the substance of the law repealed, revived or amended."

This question has been determined at the present term, in the case of the *Home Insurance Co.* v. *Taxing District*, the majority of the Court holding that the above clause does not apply so as to ren-

der void, acts merely inconsistent with former acts not thereby expressly repealed; or, in other words, does not prevent repeals by implication.

It remains, then, to determine the meaning of the 5th section of the Act of 1879. It is in these words: "That the Clerk of the Court be allowed the sum of $1.00 for each tract or lot of land in the Trustee's report for docketing the same, which shall in no case be paid by the State or county, but the Clerk may collect the same of the delinquent taxpayer; *Provided,* the State has never before paid on any of said tracts or lots of land, unless the same has been redeemed by the State and sold again."

This language is certainly obscure, but we are required to give it a meaning, if we can do so consistently with a fair interpretation of the words used. To follow the most literal construction of this language, it would mean that the fees are in no event to be paid by the State or county, but the Clerk may collect them from the delinquent taxpayer in all cases except where the lands had been previously bought in by the State, and the State had paid the fees, and the land had not been redeemed, and in these cases the Clerk would not even have the right to collect the fees of the delinquent taxpayer. But this construction would be utterly inconsistent with other well defined provisions of the law.

The Trustee is required to include in his report of delinquents, not only the amount of the taxes,

but also the *costs*, including the fees of the Clerk. This is repeated in a section immediately following the one in question, and the lands are to be sold for the taxes, penalties and *costs*, and if no one else will bid the amount, they are to be bid off for the use of the State and county at the amount of said *taxes, penalties and cost.* If redeemed by the owner, he is to include in his redemption money all the *costs.*

We cannot suppose that the Legislature meant in such cases to deprive the Clerk of all costs, or to leave him to collect the same from the delinquent. He could have no just right to collect from the delinquent, because the State having purchased for the taxes and *costs*, the costs are satisfied so far as the delinquent is concerned. To require *him* to pay the costs to the Clerk, and then pay again to the State upon redemption, would be unjust; besides, in all such cases there is no means of collecting from the delinquent, and it is for this very reason the lands are sold, and such a provision would virtually deprive the Clerk of all compensation. We cannot, with a proper respect for the Legislature, conclude that it was intended to require the Clerk to render the services, and yet deprive him of all compensation in all those cases where the lands are bought in for the use of the State and county. If the lands are redeemed, the State will receive the amount of the Clerk's fees in redemption; if not redeemed, the State will own the land, and in neither event

is there any mode for the Clerk to collect his fees. Of course when the land is purchased by anyone else, the Clerk receives his fees out of the sum paid.

We conclude, therefore, that the Legislature could not have intended that the State is in no event to pay the Clerk's fees. The only reasonable meaning that can be given to the section is, that the State is not to pay the fees in those cases where the lands have been previously bought in by the State and not redeemed at the time of the second sale, but in such cases the Clerk may collect the fees from the delinquent. This is to make the Clerks lose their fees in cases where the lands are improperly sold the second time, unless he collect from the delinquent.

We admit that it requires a liberal transposition of the language of the section to arrive at this conclusion, but it is either this or to declare the act without meaning and void.

It is argued in behalf of the relator that the section may be construed to mean that the Clerk is to have $1.00 for *docketing* the report, and hence it is not in conflict with the Act of 18ʻ3. We find, however, that no additional duties are required of the Clerk, and the words "docketing the same" no doubt mean entering the report of record, the same duties previously required, and the fee is the same previously allowed, and not in addition.

The record shows the fees to which the Clerk

is entitled upon the basis indicated, that is $1,174, and for this sum, instead of $3,271, as determined by the Circuit Judge, the relator is entitled to a warrant.

The judgment will be reversed and modified accordingly.