PEERLESS CONSTRUCTION COMPANY *v.* C. N. BASS, COM-
MISSIONER.

(*Nashville.* December Term, 1928.)

Opinion filed, March 18, 1929.

MANIER & CROUCH, for appellant.

L. D. SMITH, ROY H. BEELER and T. P. HENDERSON, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Construction Company brings this suit to enforce by mandamus the payment to it, by the State Highway Commissioner, of an unliquidated claim for compensation for work alleged to have been performed in highway construction in connection with, but in addition to, a certain contract with the Commissioner, acting for the State. The Chancellor sustained a demurrer raising, in substance, the twofold defense, first, that the suit was, in

effect, against the State, and second, that no case for mandamus was presented.

Appealing, and apparently conceding the general rule that the state may not be sued (Art. 1 Section 17 of the Constitution and Section 4507 of Shannon's Code) it is insisted for the Construction Company that, "instead of being a suit against the State the bill clearly shown that it is really a bill to compel a state officer to do what the law says he should do upon the facts alleged." And, going more directly to the prayer for a writ of mandamus, that, "The bill seeks to have the Commissioner perform a ministerial act. The law imposes upon him the duty of paying just claims against his Department. He has no discretion to refuse to do so."

It will be observed that the quoted statement of appellant's position assumes that the act sought to be enforced by mandamus is "a ministerial act," and so, clearly, it must be to warrant the invoking of the writ. Our latest case so holding, reviewing authorities, is *State ex rel. v. Martin*, 155 Tenn., 332. Is the act in issue here of the ministerial class? This is the determinative question.

*(1)* The distinction pertinent here is thus well stated in Ferris on Extraordinary Legal Remedies, at Section 194: "The office of mandamus is to execute, not adjudicate. It does not ascertain or adjust mutual claims or rights between the parties. If the fight be doubtful, it must be first established in some other form of action: mandamus will not lie to establish as well as enforce a claim of uncertain merit. It follows therefore that mandamus will not be granted where the right is doubtful."

Looking further to the above quotation from the statement of appellants position, it will be seen that it concludes in this language: "The law imposes upon him the

duty of paying just claims against his department. He has no discretion to refuse to do so." This language requires qualification to bring it within the rule, thus: "The law imposes upon him the duty of paying just claims against his department," when and when only the justness of the claim is recognized by him in the exercise of the discretion vested in him by law, or when the justness thereof has been established by competent authority, so that it is the ministerial act of disbursement only which remains to be performed, and not the exercise of discretion as to the existence of, or extent of, a valid obligation based on disputed facts.

Just here is the difficulty confronting appellant. As already briefly outlined, it is a road building company and entered into a contract in writing to build a portion of a State Highway. It has been paid the price stipulated, but says that it did extra and additional work found to be necessary in the program of the contract work; that it was misled or misinformed as to the extent and character of certain basic conditions, not deemed necessary to detail, and was forced to incur heavy extra and unforeseen expense, and that it is justly entitled to additional compensation therefor from the State, thru its Highway Commissioner. By a process of computation it fixes its excess claim at $12,328.50. However, the bill shown that the Highway Commissioner, quite plainly vested under the law with *quasi*-judicial discretion, disputes and rejects the correctness of this claim and has refused payment. Quite obviously we have then an unliquidated account, disputed and disallowed by the authority vested with discretionary powers, investigation and determination of which must be first disposed of on

the facts before the *right* may have applied to it the *remedy* invoked.

*(2)* Mandamus is a summary remedy, extraordinary in its nature, and to be applied only when a right has been clearly established, so that there remains only a positive ministerial duty to be performed, and it will not lie when the necessity or propriety of acting is a matter of discretion. This is axiomatic and requires no citation of authority.

As we read the brief of Counsel, it is sought particularly to bring this case within the opinion of this Court in *Deitler* v. *Kincannon,* 151 Tenn., 652, with reliance, also, on *State* v. *Gaines,* 72 Tenn., 352, and *Morley* v. *Power,* 73 Tenn., 699. The two last cases cited do not appear to us to be in point. The Gaines case presented a question only of legal construction of a section of a legislative act fixing a clerk's fees. No question of fact was involved. If the act gave the fees to the clerk, it was the clear ministerial duty of the Comptroller to issue his warrant therefor, and so this Court held. Legal judgment alone was involved. In the Morley case, again, the facts were undisputed. In its opinion this Court said that the determinative facts "distinctly appear in this record." It was held that on these fixed facts a legal obligation arose in favor of Morley. The amount of his claim being undisputed, and this Court finding him to be entitled to payment out of the school fund, the proper officers were required to draw their order for the payment.

In the Kincannon case suit was brought by a furnisher of labor and materials in repair of a State School to enforce by mandamus issuance by the State Board of Education of a certificate on the Comptroller for the sum due. Certain broad language in a head note, and found

in the opinion, is employed without proper limiting qualification, if read without reference to the specific facts otherwise appearing, and on which the decision rests. The holding in that case was that, "the State Board of Education is vested with no legal discretion to pay or not to pay its just and honest debts. *Admitting*, as the demurrer does, *the justness and correctness of complainant's demand*, the issuance of such certificate is a mere ministerial act which may be required by mandamus." The italics are ours, and when thus emphasized that case is clearly distinguished from the one now before us. Here "the justness and correctness of complainant's demand" is not admitted, but denied. This distinction is vital and determinative.

*(3)* While in apparent conflict with the majority rule applied in jurisdictions in which *quo warranto* is available, Tennessee, Maryland, Massachusetts and Virginia, and perhaps other States, have adjudicated title to public office on an application for mandamus (38 C. J., p. 704), the jurisdiction to determine election contests appears to be assumed as incidental only to the use of the writ. So, in *State ex rel.* v. *Grindstaff*, 144 Tenn., 554, a suit of this character, Mr. Justice GREEN said: "A mandamus suit, however, may incidentally involve the determination of an election contest, and the Chancery Court has jurisdiction of a suit like this." And, in *Adcock* v. *Houk*, 122 Tenn., on page 278, Mr. Justice NEIL said:

"As to mandamus cases, when it is sought to compel an officer to do some particular thing—that is, to recognize some other person as an officer, or to obey some mandate supposed to be the mandate of the people rendered in the form of an election—it necessarily results that the officer or person so sought to be coerced must

have the right to question whether the person put forward as an officer to be received is in fact an officer, or whether the assumed direction is a real direction of the people.''

With this apparent exception, this State recognizes the general rule above announced, that the writ of mandamus will lie to control only ministerial acts of public officers, and not to control official judgment or discretion, certainly except in cases of plainly palpable abuse of the discretion conferred. Other Tennessee cases than those already noted are *Whitesides* v. *Stuart,* 91 Tenn., 710, 715, *Connell* v. *Davidson Co.,* 2 Head, 189, *Turnpike Co.* v. *Marshall,* 2 Bax., 123, *Williams* v. *Examiners,* 93 Tenn., 928, *State* v. *Sneed,* 105 Tenn., 738, *State ex rel.* v. *Board,* 122 Tenn., 163. In the last case cited the Court said:

''We know of no exception to the rule that the court will not, by mandamus, disturb the decisions and actions of the boards and officers having discretionary powers, except where they act in an arbitrary and oppressive manner (*Williams* v. *Dental Examiners,* 93 Tenn., 619, 27 S. W., 1019), or act beyond their jurisdiction (*Insurance Co.* v. *Craig, supra*), or where they refuse to assume a jurisdiction which the law devolves upon them (*State, ex rel.* v. *Taylor,* 119 Tenn., 229, 104 S. W., 242).''

The rule is thus stated in 38 C. J., page 657:

''Mandamus is the proper remedy to compel executive officers or boards of the state or federal governments to act and pass judgment upon matters within their jurisdiction properly brought before them when they neglect or refuse to take any action at all, although as subsequently shown they cannot be compelled to act or render a decision in any particular way.''

*(4)* And on page 582 of the same work it is said that "the purpose of a writ of mandamus is not to establish a legal right"—the very thing which complainants in this suit seek to do—"but to enforce one which has already been established." And, again, at page 761, with particular applicability to the situation now before us, it is said, under the subhead "Unliquidated Claims," that, "While there is some authority to the contrary, it is very generally held that mandamus will not lie to compel payment of an unliquidated claim. It is essential that the claim should have been reduced to judgment, or that it should have been allowed by the officer or board vested with power to allow or reject the same. And if the officer whose duty it is to make the payment must himself, at his own risk, inquire into the validity and the amount of the claim, he cannot be compelled by mandamus to make payment."

It results that the decree of the Chancellor sustaining the demurrer must be affirmed.