E. Q. (Tip) Miller et al

*v.*

Warren County et al.

354 S. W. 2d 433.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

Rehearing Denied March 7, 1962.

T. A. Greer, Jr., Dunlap, for appellants.

C. E. Haston, James W. Dempster, McMinnville, for appellees.

458

Mr. Chief Justice Prewitt, delivered the opinion of the Court.

The bill in this cause was filed by a number of complainants' taxpayers of Warren County. It sought to enjoin the issuance of school bonds not to exceed One Million ($1,000,000.00) Dollars.

There was a demurrer to the bill which was sustained, the injunction dissolved, the bill dismissed at the cost of the County.

In Cause No. 432 in the Chancery Court of Warren County, it appears that the State on relation of certain parties sought to mandamus the Quarterly County Court to issue school bonds not to exceed One Million Dollars proceeding under T.C.A. Section 49-201.

The defendants demanded a jury which was impanelled and considered the single issue, "was the Quarterly Court, in calling a referendum at the January 1960 term, proceeding under Tennessee Code Annotated Section 49-201"?

The jury found that the quarterly court, in calling the referendum, was not proceeding under T.C.A. Section 49-201.

Now, in the present case, which is not a mandamus suit, it is clear that the quarterly court did call a referendum, and a majority of the Warren County voters voted upon this issue in favor of the bond issue.

The facts are that a resolution calling for this referendum was placed in the Minute Book some four days after the court met. The original motion calling for this referendum was a rather simple thing, but a resolution much in detail was later entered on the minutes calling for this referendum. In the mandamus case two or three of the justices of peace testified that they never heard of this detailed motion or resolution, which was inserted later, until cause No. 432 was instituted.

Based upon the proof at that time the jury found, and the court concurred, that the quarterly court had not proceeded under Section 49-201, T.C.A., but from the proof in this case the court found that the quarterly court did call a referendum pursuant to Section 49-201, T.C.A., election was held, and the issue was affirmatively voted and so certified by the election commission to the County Court.

It appears now that Warren County has complied with the law and was authorized to issue the school bonds which complainants now seek to enjoin, which bonds have been printed and sold.

In the former suit it was found that the court did not proceed under T.C.A. Section 49-201.

Now, it further appears that the State is withdrawing all state school funds of Warren County as of November 1st because the County has not met certain

requirements concerning its facilities, all of which were to have been financed by this issue.

It now appears from the record that the court did proceed under T.C.A. Section 49-201, and that the bonds have been regularly issued, and it is clear that the court did call a referendum, one was had and a majority of the voters of Warren County voted in favor of the issuance of the bonds.

The bond sale which is enjoined in the bill in this cause recites among other things the following:

"it is hereby certified and recited that all acts, conditions and things required by the constitution and laws of the State of Tennessee to exist or to be done precedent to and in the issuance of this bond, do exist and have been properly done, happened and been performed in regular and due form and time as required by law; * * *"

The only assignment by the appellants is that the trial court erred in sustaining the demurrer of the defendants below, and in dissolving the injunction and dismissing the original bill; and in not holding that the judgment of the court in the case of *State ex rel. Ramsey et al. v. L. H. Barnes et al.,* was a controlling precedent under the principal of stare decisis.

The first question is, is stare decisis applicable in the present case? We are of the opinion that it is not.

In the case of *State ex rel. Ramsey et al. v. L. H. Barnes et al.,* the plaintiffs were seeking a writ of mandamus to compel the quarterly county court to issue certain bonds.

In the case of *Peerless Const. Co. v. Bass,* 158 Tenn. 518, 520, 14 S.W.2d 732, the Court there said:

"The office of mandamus is to execute, not adjudicate. It does not ascertain or adjust mutual claims or rights between parties."

Nothing was adjugded by the case of *State ex rel. Ramsey v. L. H. Barnes et al.,* by the Chancery Court's refusal to issue the writ of mandamus and dismissing the bill, no rights were established; and no rules of property were established. The only matter settled was that the quarterly county court was not under a positive command of laws to perform a ministerial act.

The bill of the appellants seeks to raise the question of whether the county court can now legally issue the $750,000.00 in bonds since the ruling in *State ex rel. Ramsey v. L. H. Barnes,* however, appellees insist that said bill does not state a cause of action.

Section 49-201, T.C.A. sets forth the duties of the quarterly county courts of this State with reference to the question of education, and paragraph (5) under said section provides:

"To submit to the voters of the county, at any regular session, or at any special session called for the purpose, the proposition to issue bonds for the purpose of purchasing grounds, erecting and furnishing school buildings, and, upon the affirmative vote of the majority cast in said election, to issue said bonds in accord therewith."

It was held in *Lamb v. State ex rel. Kisabeth,* 207 Tenn. 159, 338 S.W.2d 584, 585, that after an election

called under this paragraph 5, and the majority voting support the proposition, the act to carry out the decision of the voters is ministerial and subject to mandamus.

However, under paragraph (8), of Section 49-201, T.C.A. a discretionary duty is set out which is as follows:

"To levy sufficient taxes or provide funds by bond issues by the voters for the purchase of school grounds, the erection and repair of school buildings, and for equipping the same; provided, same shall have been provided for by the quarterly court, or that said court shall have approved the authorization of same by the county board of education."

It is therefore the opinion of this Court that Warren County can issue the bonds in question, and that the quarterly court has proceeded under T.C.A. Section 49-201 and that the proceedings are regular.

It is therefore the opinion of this Court that the decree of the Chancellor be affirmed.

BURNETT, FELTS, WHITE, and DYER, JUSTICES, concur.