Harold MOORE, et al., Appellants,

v.

Wyeth CHANDLER, Mayor and the City
of Memphis, Appellees.

Supreme Court of Tennessee,
at Jackson.

April 2, 1984.

OPINION

PER CURIAM.

The complaint in this case was erroneously called a "Bill for Mandamus."

The gravamen of the action is to require the City of Memphis to discharge all city employees who are nonresidents of Shelby County and the date of their employment occurred after the adoption of an ordinance in 1963 requiring that thereafter all persons employed by the City of Memphis would be required to be residents of Shelby County. The pleadings, the record and the judgment of the trial court reflect that city officials are presently, and have been since July 31, 1980, enforcing the ordinance and the relief sought by appellants is a remedy for past failure to enforce. It is further apparent from the record that there were periods in the past when it was impossible for the City to enforce the ordinance because of its status in the courts.

It is therefore apparent that in this lawsuit it is necessary to adjudicate mutual claims and rights between the parties and there was no clearly established right asserted that invoked the performance of a ministerial duty.

The office of mandamus is to execute, not adjudicate. It does not ascertain or adjust mutual claims or rights between the parties.

. . . .

Mandamus is a summary remedy, extraordinary in its nature, and to be applied only when a right has been clearly established, so that there remains only a positive ministerial duty to be performed, and it will not lie when the necessity or propriety of acting is a matter of discretion. *Peerless Construction Company*

*v. Bass,* 158 Tenn. 518 at 520, 522, 14 S.W.2d 732 (1929).

We hold that this case is not entitled to be maintained as a mandamus action.

 The Chancery Court of Shelby County had jurisdiction to adjudicate this controversy as a declaratory judgment action and no objection was raised to the form of the suit in the trial court. However, the jurisdiction of this Court is dependent upon the suit being a true mandamus action. T.R.A.P. 13(b) mandates that the appellate courts consider the question of jurisdiction, whether or not presented for review.

It is ORDERED that this case be and it is hereby transferred to the Court of Appeals.