STATE ex rel. Sue ROBNETT,
Plaintiff/Appellant,

v.

The BLEDSOE COUNTY BOARD OF
EDUCATION, et al.,
Defendants/Appellees.

Supreme Court of Tennessee,
at Knoxville.

Feb. 29, 1988.

David R. Swafford, Pikeville, for plaintiff/appellant.

Howard L. Upchurch, Pikeville, for defendants/appellees.

## OPINION

HARBISON, Chief Justice.

The trial judge dismissed an action by appellant for mandamus and injunctive relief against the Bledsoe County Board of Education. In her action she sought an order requiring that she be awarded the position of a high school librarian in the county school system. We affirm the decision of the trial court.

Appellant had been a tenured elementary teacher in the Bledsoe County school system since 1960. In 1973 she was appointed librarian at an elementary school although she did not at that time have a certificate or license as a librarian. Pursuant to T.C.A. § 49–5–106(a)(1), she was issued a temporary permit authorizing her to serve as librarian until she had received a valid certificate or license as librarian in 1975. From that time until the present case arose in 1986 she served as the librarian at an elementary school having more than 550 students. Applicable regulations of the State Board of Education require a certified librarian for such elementary schools.

A certified librarian had served the only high school in the county system until her resignation in August 1986, shortly before the beginning of a new school year. The high school had more than 300 students, and rules of the State Board require a certified librarian for such a school. Appellant was the only certified librarian remaining in the entire system after the resignation of the former high school librarian. The salary for the high school librarian was the same as that for the position held by appellant at an elementary school.

When the superintendent of schools advertised the vacancy within the system, appellant applied for the position of high school librarian. An English teacher, whose entire teaching experience had been

at the high school rather than the elementary level, also applied. However, she did not have a certificate in library science or any credits toward such a certificate.

When the Board of Education met just before the opening of school for the 1986–87 year, the superintendent recommended appellant for the vacancy. A majority of the Board of Education did not concur. The superintendent then recommended the only other applicant for the position, and the Board of Education concurred in transferring her to that position.

Appellant contends that the action of the Board in not awarding the position to her as the only qualified applicant was arbitrary and capricious. She contends that the action of the Board of Education in transferring an unqualified and uncertificated teacher to that of librarian for the high school violated the provisions of T.C.A. § 49–5–510. She also contends that it would be improper for the superintendent and the chairman of the Board of Education to certify the lack of a qualified teacher so as to obtain a temporary certificate for an uncertified person under T.C.A. § 49–5–106(a)(1)—the same provisions under which a temporary certificate had been issued to her for the period 1973–1975.

Appellant insists that the Board should have transferred her to the position of high school librarian and that it then would have been appropriate for the Board to place an uncertified teacher in the vacated position of elementary school librarian. Appellees point out, however, that the Board could have transferred appellant back to the elementary school under the provisions of T.C.A. § 49–5–510, had they deemed such action appropriate. They contend that the entire matter is one lying within their discretion under the somewhat unusual circumstances presented.

The trial judge agreed with the Board of Education. Three of the Board members who had declined to concur in awarding appellant the high school position testified at trial that they did so because they felt it was in the best interest of the school system that she remain as librarian of the larger elementary school. One of them pointed out that appellant's entire teaching experience had been at the elementary level, and she had performed well as the elementary school librarian for a long period of time. The position to which she sought to transfer carried no greater salary, and the person whom the Board sought to place as high school librarian under a temporary certificate was an experienced high school teacher.

■ The trial judge concluded that the action of the Board of Education was neither arbitrary nor capricious, and we concur in that finding.

T.C.A. § 49–5–510, dealing with transfers within the system, provides:

"The superintendent, with the approval of the board, when necessary to the efficient operation of the school system, may transfer a teacher from one (1) location to another within the school system, or from one (1) type of work to another for which he is qualified and certificated. Such a transfer can be made only by the concurrent action of the superintendent and the board."

In this case the members of the Board did not concur with the original proposal to transfer appellant, but both the Board and the superintendent did then concur in the transfer of the other applicant. In seeking judicial review, appellant bore the burden of proving that the action of the Board was arbitrary, capricious or improperly motivated, and she failed to do so. *See McKenna v. Sumner County Board of Education*, 574 S.W.2d 527, 534 (Tenn.1978).

Because of the late resignation of the former high school librarian, the superintendent and the Board did not have an opportunity to advertise the vacancy through universities and other outside sources as they normally would have done. At least for the year 1986–87, it was necessary for them to place an uncertified person in one of the two library positions and to seek a temporary certificate and waiver from the State Board for that person.

■ In our opinion the matter addressed itself to the discretion of the school officials. *See generally State ex rel. v. Yoa-*

*kum,* 201 Tenn. 180, 297 S.W.2d 635 (1956). A peremptory writ of mandamus, therefore, was inappropriate. *Moore v. Chandler,* 675 S.W.2d 153 (Tenn.1984). In the absence of a showing of arbitrary or capricious action on the part of the Board, injunctive relief was also properly denied.

The judgment of the trial court is affirmed at the cost of appellant. The cause will be remanded to that court for collection of costs accrued there and for any other orders which may be necessary.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.