IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS MARCH 31, 2003

## ADMIRALTY SUITES AND INNS, LLC, et al v. SHELBY COUNTY, TENNESSEE, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. 99-0036-3     D. J. Alissandratos, Chancellor**

------

**No. W2002-02155-COA-R3-CV - Filed November 24, 2003**

------

This case involves the constitutionality of Tenn. Code Ann. § 67-4-1425, which governs occupancy taxes on hotels and motels. After conducting a hearing on the matter, the lower court found the statute constitutional. For the following reasons, we affirm in part and reverse in part the finding of the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

J. Houston Gordon, Lyle Reid, Covington, TN, for Appellants

Edward J. McKenney, Jr., Memphis, TN, for Appellees City of Bartlett and City of Millington

Jef Feibelman, Susan M. Clark, Memphis, TN, for Appellees Town of Collierville and City of Germantown

Paul G. Summers, Attorney General & Reporter, Charles L. Lewis, Deputy Attorney General, Nashville, for Appellee Paul G. Summers in his capacity as Attorney General for the State of Tennessee

## OPINION

## Facts and Procedural History

This case involves the constitutionality of subsections ©) and (d) of Tenn. Code Ann. § 67-4-1425 (2003), which deal with occupancy taxes on hotels and motels. The Plaintiffs/Appellants ("Plaintiffs") in this action include certain hotels and motels affected by the statute, as well as guests of the establishments who paid the taxes created by the statute. The Defendants/Appellees ("Defendants") include the towns of Germantown, Collierville, Bartlett, and Millington, as well as Shelby County. These parties entered into a written stipulation of all the material facts giving rise to this case, which states in relevant part:

> The parties . . . hereby submit, for the purpose of trial, the following stipulated facts:
> 1. Plaintiffs Admiralty Suites and Inns, LLC; Admiralty Plantation Oaks, LLC; Norman Patel d/b/a Super 8 Motel; Millington Inn; Smith Investments, Inc. d/b/a Econo Lodge and Magnolia Suites and Inn; Country Club Apartments, LTD d/b/a Hampton Inn, Collierville; and the Millington Area Hotel/Motel Association are businesses and an association of businesses, respectively, who operate and are involved in operating hotels and motels in municipalities within Shelby County, Tennessee, some of which are operating within the cities of Bartlett, Collierville, Millington, or Germantown.
> 2. Country Club Apartments, LTD, d/b/a Hampton Inn, Collierville, is an operator of a hotel/motel in Collierville, Tennessee, and has been required to collect and remit hotel and motel taxes imposed by the municipality, Collierville, Tennessee, and by Shelby County, Tennessee, and has paid and transmitted such municipal hotel or motel tax as being "paid under protest."
> 3. Plaintiffs Ben Witaker, Karin McAtee, Lee Cardwell, J.W. Underwood, W.F. Monsarrat, Mark King, Anne Fluharty and James Herrin are individuals who are and/or were patrons at motels and hotels located within Shelby County, Tennessee, and who paid a hotel or motel tax imposed by either the city of Bartlett, the Town of Collierville, or the City of Germantown in addition to that imposed by Shelby County.
> 4. Plaintiff James B. Herrin and Anne Fluharty have each paid "under protest" a hotel/motel tax imposed by either the City of Bartlett, the Town of Collierville, or the City of Germantown.
> 5. The City of Bartlett, Tennessee; the Town of Collierville, Tennessee; the City of Germantown, Tennessee; and the City of Millington, Tennessee, are each municipalities within Shelby County that are organized under private act charters. None of these municipalities are home-rule municipalities . . .
> 7. The Attorney General has been properly made a party to this action.
> 8. In 1988, the Tennessee General Assembly enacted T.C.A. § 67-4-1425, which governs simultaneous county and city taxation of hotel occupancy by private act. Section 67-4-1425(a) prohibits adoption of a private act that results in the

simultaneous taxation of hotel occupancy by a county and the cities located within that county. Section 67-4-1425©) exempts Shelby County from the provisions of § 67-4-1425(a).

9. At the time of the enactment of § 67-4-1425©), Shelby County had in existence a county-wide 5% hotel tax, which remains in effect . . .

10. The General Assembly passed private acts authorizing Germantown in 1995, Collierville in 1996, Bartlett in 1997, and Millington in 1998 to amend their charters to permit those municipalities to levy a tax on hotel/motel occupancy as permitted by Tenn. Code Ann. § 67-4-1425©). (Chapter 120, Private Acts of 1995 (Germantown); Chapter 187, Private Acts of 1996 (Collierville); Chapter 97, Private Acts of 1997 (Bartlett); and Chapter 186, Private Acts of 1998 (Millington); attached hereto as Collective Exh. 2). Each of these municipalities adopted the private act amending its charter and, with the exception of Millington, passed an ordinance or resolution authorizing the collection of 5% tax on occupants of hotels or motels within its municipal borders. (City of Germantown Code of Ordinances, Taxation, Art. V § 18-96, *et seq*., Town of Collierville Code of Ordinances § 10-101, *et seq*., and City of Bartlett Resolution 8-97, attached hereto as Collective Exh. 3).

11. The 5% hotel/motel tax charged by the cities of Bartlett, Germantown, and Collierville is in addition to the 5% tax levied by Shelby County . . .

17. The General Assembly has amended § 67-4-1425 on two occasions to create additional exemptions from the prohibition on simultaneous taxation contained in § 1425(a). In 1996, the legislature provided an exception for Williamson County, codified in a new subsection (d), and in 1999, the General Assembly amended subsection (d) to add an exception for Rutherford County.

The various Plaintiffs filed the instant action in the Chancery Court of Shelby County on January 15, 1999. They sought to have subsections ©) and (d) of Tenn. Code Ann. § 67-4-1425 declared unconstitutional, as well as the private acts enacted pursuant to those subsections.
.

Tenn. Code Ann. § 67-4-1425(a) sets forth a general proscription against double taxation on hotels and motels. Specifically, it prohibits a county and a municipality therein from both levying occupancy taxes upon hotels or motels within their borders. Instead, only the entity that first levies an occupancy tax may maintain that tax.[1] Subsections ©) and (d) of Tenn. Code Ann. § 67-4-1425 then create exceptions to this general proscription, allowing double taxation of hotels and motels in

---

[1]     Tenn. Code Ann. § 67-4-1425(a) states as follows:

After May 12, 1988, any private act which authorizes a city or county to levy a tax on the privilege of occupancy of a hotel shall limit the application of such tax as follows:

(1) A city shall only levy such tax on occupancy of hotels located within its municipal boundaries;

(2) A city shall not be authorized to levy such tax on occupancy of hotels if the county in which such city is located has levied such tax prior to the adoption of the tax by the city; and

(3) A county shall only levy such tax on occupancy of hotels located within its boundaries but outside the boundaries of any municipality which has levied a tax on such occupancy prior to the adoption of such tax by the county.

Shelby, Williamson, and Rutherford Counties. Tenn. Code Ann. § 67-4-1425 (c)—(d). These exceptions were achieved through the use of population bracketing. *Id*. The Plaintiffs sought a declaration from the lower court that these two subsections violated the equal protection provisions of the Tennessee Constitution. They argued that no rational basis exists to support the exclusion of Shelby, Williamson, and Rutherford Counties from the general prohibition on double occupancy taxation. The Plaintiffs further sought to have the lower court remove the offending subsections by way of elision. The Defendants maintained that the challenged subsections passed constitutional muster. They also argued that the court lacked subject matter jurisdiction over some claims, because many of the plaintiffs failed to comply with the requirements of Tenn. Code Ann. § 67-1-911 (2003), which sets forth procedural requirements for aggrieved taxpayers in pursuing their claims. The lower court conducted a hearing on stipulated facts, affidavits, briefs, and arguments of counsel. In its final order, the court found that subsections ©) and (d) of Tenn. Code Ann. § 67-4-1425 did not suffer from any constitutional infirmity. The Plaintiffs timely filed the instant appeal, challenging the findings of the lower court.

## Issues

The Plaintiffs raise the following issues for our consideration:

I.      Whether the lower court used the correct standard of review in determining the constitutionality of subsections ©) and (d) of Tenn. Code Ann. § 67-4-1425 and the private acts enacted thereunder.

II.     Whether the lower court erred in finding that subsections ©) and (d) of Tenn Code Ann. § 67-4-1425, and the private acts enacted thereunder, do not violate the equal protection provisions of Article 1, § 8 and Article 11, § 8 of the Tennessee Constitution.

The Defendants raise an additional issue for our review:

III.    Whether the lower court erred in failing to dismiss, for lack of subject matter jurisdiction, certain claims in this case.

        A.      Whether the lower court erred in failing to dismiss all claims except those for refunds of hotel-motel taxes that were paid under protest in accordance with Tenn. Code Ann. § 67-1-911.

        B.      Whether the lower court erred in failing to dismiss all claims against the City of Millington for lack of ripeness.

## Standard of Review

The issues on appeal involve only questions of law. As such, our review is *de novo* on the record before the Court, with no presumption of correctness attaching to the findings of the lower court. *Northland Ins. Co. v. State of Tennessee*, 33 S.W.3d 727, 729 (Tenn. 2000); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991)(citing *Hill v. City of Chattanooga*, 533 S.W.2d 311, 312 (Tenn. Ct. App. 1975)).

## Law and Analysis

The Plaintiffs and Defendants raise three issues for our consideration in this appeal. All issues raised by the Plaintiffs focus on the constitutionality of Tenn. Code Ann. § 67-4-1425, while the Defendants' only issue on appeal concerns the lower court's jurisdiction over some of the claims brought by the Plaintiffs. We will first address the question of subject matter jurisdiction raised by the Defendants.

## Subject Matter Jurisdiction

Subject matter jurisdiction involves a court's power to adjudicate a particular controversy brought before it. *Northland Ins. Co.*, 33 S.W.3d at 729. "Courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative act and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication." *First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001) (internal citations omitted). Judgments entered by courts lacking subject matter jurisdiction are void. *Id.* at 141.

In the first jurisdictional issue, the Defendants maintain that courts derive their subject matter jurisdiction to hear tax challenges from Tenn. Code Ann. § 67-1-911. This statute provides, in relevant part:

> (b) In order to carry out the legislative intent that all of such sections, which now apply to the recovery of state taxes erroneously paid, be conformed to apply also to the recovery of taxes erroneously paid to municipalities, the following provisions are added:
> (1) The municipal officer collecting any municipal taxes paid under protest shall pay such revenue into the municipal treasury and, at the time of payment, shall give notice to the mayor and board of commissioners or other governing body of such municipality that the taxes were paid under protest . . . .

Tenn. Code Ann. § 67-1-911. According to the Defendants, the significant part of the foregoing statute is the requirement that a taxpayer pay a disputed tax "under protest" before challenging the tax. The stipulated facts indicate that, of all the Plaintiffs in this action, only James B. Herrin and Anne Fluharty followed the procedure enumerated in Tenn. Code Ann. § 67-1-911. The Defendants argue that, as a result, the lower court lacked subject matter jurisdiction to hear any claims in this matter except those brought by Mr. Herrin and Ms. Fluharty. We disagree.

-5-

We recently visited this issue in *Decatur County v. Vulcan Materials Co.*, No. W2001-00858-COA-R3-CV, 2002 WL 31786985, at *1 (Tenn. Ct. App. 2003) and found that "payment under protest" is no longer the exclusive procedure to challenge a tax. *Id*. at *5. In that case, we recognized that Tenn. Code Ann. § 67-1-1807 (2003) relieves the obligation to pay "under protest" before pursuing a claim against the governmental entity imposing the tax. *Id*. The wording of the statute, we found, is sufficiently broad to encompass claims involving taxes paid to local entities such as counties and municipalities. *Id*. Accordingly, we find that the Plaintiffs in the present action had no precedent obligation to pay the disputed taxes "under protest" before bringing their claims, and we affirm the finding of the lower court on this issue.

In their next jurisdictional issue on appeal, the Defendants maintain that all claims against the City of Millington should be dismissed for lack of ripeness. The Defendants base this argument on the fact that, while Millington has the authority to impose an occupancy tax,[2] it has declined to actually do so. It is their contention that the lower court may not rule on the validity of a tax Millington has yet to impose, because to do so would amount to rendering an advisory opinion. The Defendants rely upon two sources of authority in support of their position. They first direct our attention to the holding in *State of Tennessee v. Williamson Tobacco Corp.*, 18 S.W.3d 186 (Tenn. 2000), in which the Tennessee Supreme Court held:

> [A] declaratory judgment action cannot be used by a court to decide a theoretical question, render an advisory opinion which may help a party in another transaction, or allay fears as to what may occur in the future. Thus, in order to maintain an action for a declaratory judgment a justiciable controversy must exist. For a controversy to be justiciable, a real question rather than a theoretical one must be presented and a legally protectable interest must be as stake. If the controversy depends upon a future or contingent event, or involves a theoretical or hypothetical state of facts, the controversy is not justiciable.

*Id*. at 193 (internal citations omitted). The Defendants then rely upon our holding in *Home Builders Ass'n v. Maury County*, No. 01A01-9706-CH-00259, 1998 WL 867255, at *1 (Tenn. Ct. App. 1998), which focuses on the justiciability of a challenge to a county development tax that was never actually imposed. In that case, the Maury County Board of Commissioners ratified and adopted a development tax, but declared that it would not be imposed "at this time." *Id*. This Court held that there was no justiciable controversy because the record did not reveal any genuine threat that Maury County would suddenly begin enforcing the tax. *Id*. at *2. The record in the present case likewise fails to indicate that the City of Millington has any plans to begin enforcing the challenged tax. As such, there is no justiciable controversy involving Millington's occupancy tax, and the lower court erred in failing to dismiss the claims against Millington.

---

[2] The General Assembly granted Millington the authority to impose an occupancy tax when it enacted Chapter No. 186, Private Acts of 1998. The Millington Board of Mayor and Aldermen then duly ratified the act.

Before leaving the issue of subject matter jurisdiction, we find it necessary to address one final jurisdictional principal. Although neither party seems to have raised this exact issue on appeal, Tenn. R. App. P. 13(b) requires us to address it of our own initiative. *Moore v. Chandler*, 675 S.W.2d 153, 154 (Tenn. 1984); *First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001); *Morrow v. Bobbitt*, 943 S.W.2d 384, 391-92 (Tenn. Ct. App. 1996). We must determine whether the trial court lacked jurisdiction to entertain the claims brought by the hotels, motels, and hotel/motel associations. This Court, in *Ashworth v. Green County*, No. E2002-00500-COA-R3-CV, 2003 WL 288430, at *1 (Tenn. Ct. App. 2003), addressed the standing of hotels to bring suit on an occupancy tax nearly identical to the ones at issue in the instant case.[3] We held, in relevant part:

> It is a well settled principle in Tennessee that a party lacks standing to challenge a tax unless that party is the taxpayer. *Brodbine v. Torrence*, 545 S.W.2d 743, 744 (Tenn. 1977). This follows from the fact that one who is not the party against whom a given tax is assessed does not sustain an injury distinct and palpable from the general population with respect to that tax . . . The Act explicitly states that "[s]uch tax is a privilege tax upon the transient occupying such room and is to be collected as provided by this Act". . . [I]t is clear that [the hotel operator] is not the taxpayer. The Act imposes an obligation on an innkeeper to collect and remit the tax. The Act does not designate the operator as the taxpayer . . . We hold that [the hotel operator] lacks standing to seek the relief set forth in her complaint.

*Id*. at *3-4. We find that, just as the hotel operator in *Ashworth* lacked standing, those Plaintiffs in the current action who are not actual taxpayers also lack standing. Consequently, the lower court lacked subject matter jurisdiction to hear their claims.

In sum, the lower court was without jurisdiction to hear two groups of claims in the present matter. First, the trial court lacked jurisdiction to hear the claims of any Plaintiffs who are not actual taxpayers. The lower court also lacked jurisdiction to hear any claims against the City of Millington regarding the occupancy tax. The trial court, however, did still properly exercise jurisdiction over the claims of the taxpayer Plaintiffs. We must, therefore, address the substantive issues raised on appeal by these Plaintiffs.

## Standard of Review Employed by the Trial Court

---

[3] The occupancy tax at issue in *Ashworth* was codified as Private Chapter 127 of the Private Acts of 1986 and contained the following relevant provisions:

> SECTION 2. The legislative body of Greene County is authorized to levy a privilege tax upon the privilege of occupancy in any hotel of each transient . . . Such tax is a privilege tax upon the transient occupying such room and is to be collected as provided by this Act.

*Id*. at *1. The private acts at issue in this case contain the same language indicating that the tax is to be levied upon the occupant of the hotel or motel, and not upon the establishment itself.

The Plaintiffs contend that the trial court failed to employ a cognizable constitutional standard when analyzing the validity of Tenn. Code Ann. § 67-4-1425©) and (d) and the private acts passed thereunder. The final order of the lower court reads in material part:

> [T]he Court finds that the exemptions provided in subsections ©) and (d) are based upon reasonable classifications and are not capricious, unreasonable, or arbitrary; accordingly, § 67-4-1425©) and (d) do not violate either Article I, Section 8 or Article XI, Section 8 of the Tennessee Constitution. The Court finds that the defendants have presented many possible goals of the Legislature, which may have reasonably been the impetus for enacting the provisions in question and which are sufficient to justify the challenged classifications.

We note, as an initial matter, that the proper standard of review to be used in analyzing the constitutionality of a tax statute is the rational basis standard. *City of Tullahoma v. Bedford County*, 936 S.W.2d 408, 412 (Tenn. 1997); *Brentwood Liquors Corp. v. Fox*, 496 S.W.2d 454, 457 (Tenn. 1973); *Nolichuckey Sand Co., Inc. v. Huddleston*, 896 S.W.2d 782, 788 (Tenn. Ct. App. 1994). In the context of legislation containing particular classifications, such as the tax exceptions in the present case, our supreme court has held that the rational basis standard means that "[i]f any possible reason can be conceived to justify the classification, or if the reasonableness be fairly debatable," then the legislation will not be struck down. *Estrin v. Moss*, 430 S.W.2d 345, 349 (Tenn. 1968). The standard for the lower court, then, was whether any reasonable basis exists for the population exclusion brackets contained in the occupancy tax statute. As we read the language of the final order, the lower court employed the correct standard. The language of the order indicates that the trial court considered the proper factors, including the reasonableness of, and grounds for, the classifications. Accordingly, we affirm the standard of review employed by the trial court.

### Constitutionality of the Occupancy Tax Exceptions

The final issue raised on appeal by the Plaintiffs is whether the lower court erred in finding that subsections ©) and (d) of Tenn. Code Ann. § 67-4-1425, and the private acts enacted thereunder, do not violate the equal protection provisions of Article 1, § 8 and Article 11, § 8 of the Tennessee Constitution. As stated above, the inquiry into the constitutionality of these provisions is governed by the rational basis standard. We note that "[i]n construing statutes, it is our duty to adopt a construction which will sustain a statute and avoid constitutional conflict if any reasonable construction exists that satisfies the requirements of the Constitution." *Nolichuckey*, 896 S.W.2d at 788 (quoting *Davis-Kidd Booksellers, Inc. v. McWherter*, 866 S.W.2d 520, 529 (Tenn. 1993)). It is also well settled that "[t]he right to tax is essential to the existence of government, and is peculiarly a matter for the Legislature, and the legislative power in this respect can only be restrained by a distinct and positive expression in the fundamental law." *Id.* (quoting *Vertrees v. State Bd. of Elections*, 214 S.W. 737, 740 (Tenn. 1919)). As such, any plaintiff seeking to challenge the constitutionality of a tax statute bears a heavy burden. *Id.*

The record indicates that, at trial, the Defendants provided expert affidavits giving possible reasons for the exclusion granted to Shelby, Williamson, and Rutherford Counties in the occupancy tax statute. These included affidavits by Dr. Harry A. Green, the Executive Director of the Tennessee Advisory Commission on Intergovernmental Relations, and Dexter Muller, the former Director of Planning and Development in Memphis and Shelby County. These experts opined that Shelby, Williamson, and Rutherford Counties have all experienced rapid and substantial population growth over the last few decades. This growth, according to the Plaintiffs' experts, has produced different and greater burdens on these counties to provide for streets, schools, police and fire protection, and other county and municipal services. It is this increased burden that necessitates greater tax revenues and justifies the exception allowing double-occupancy taxation in Shelby, Williamson, and Rutherford Counties. The Plaintiffs counter with statistics indicating that other counties have experienced similar growth. They argue that such statistics make it unreasonable for the General Assembly to classify based upon population and population growth. This argument is insufficient to meet the heavy burden borne by the challenger of a tax statute. The fact remains that the Legislature need only find "any possible reason" that justifies the classification. The Defendants have shown through expert opinion that there exists, at the least, a fair debate over the need of Shelby, Williamson, and Rutherford Counties for their respective exclusions. The Legislature was well within its discretion to credit this view and act upon it. We will not disturb the decision of the Legislature under such circumstances. Accordingly, we affirm the lower court in its finding on this issue.

## Conclusion

For the foregoing reasons, we reverse the ruling of the lower court in part, affirm in part, and remand for proceedings consistent with this opinion. Costs on appeal are taxed to the Plaintiffs/Appellants, Admiralty Suites and Inns,LLC, and their surety, for which execution may issue if necessary.


_____
ALAN E. HIGHERS, JUDGE