IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2024

**ERIC O. CARTER v. HOWARD GENTRY, ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 23-0648-IV-I     Patricia Head Moskal, Chancellor**

_____

**No. M2023-01016-COA-R3-CV**

_____

This appeal concerns subject matter jurisdiction.  Eric O. Carter ("Petitioner") filed a petition for writ of mandamus in the Chancery Court for Davidson County ("the Trial Court") against Howard Gentry ("Gentry"), Davidson County Criminal Court Clerk,[1] and Frank Strada ("Strada"), Commissioner of the Tennessee Department of Correction ("TDOC"), asking that the criminal judgment entered against him be expunged because it was not properly endorsed under the applicable rules and statutes.  The Trial Court dismissed the petition for lack of subject matter jurisdiction.  Petitioner appeals, arguing that he only wants a ministerial act performed and is not challenging his sentence.  We find that Petitioner is in fact challenging his sentence, and the Trial Court lacks subject matter jurisdiction to hear that challenge.  We, therefore, affirm the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ARNOLD B. GOLDIN, J., joined.

Eric O. Carter, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter, and John R. Glover, Assistant Attorney General, for the appellee, Frank Strada.

_____

[1] Gentry filed a motion for dismissal in this Court asserting that he never was served notice of appeal and is not a proper party to this action.  Petitioner did not file a timely response.  We subsequently entered an order dismissing Gentry from this appeal.

## MEMORANDUM OPINION[2]

### Background

In October 2016, Petitioner was tried by a jury and convicted of first degree murder and attempted first degree murder. He received a life sentence. Petitioner's conviction was affirmed in *State v. Carter*, No. M2017-01466-CCA-R3-CD, 2018 WL 4026757 (Tenn. Crim. App. Aug. 22, 2018), *perm. app. denied Oct. 10, 2018*.

In May 2023, Petitioner filed a petition for writ of mandamus in the Trial Court against Gentry, the Davidson County Criminal Court Clerk, and Strada, the TDOC Commissioner, asking that the criminal judgment entered against him be expunged because it was not properly endorsed with the date received contrary to certain criminal statutes and the Tennessee Rules of Criminal Procedure.[3] In June 2023, the Trial Court entered an order dismissing the petition, stating that it lacked subject matter jurisdiction to rule on the validity or legality of criminal convictions or sentences. Petitioner timely appealed to this Court.

### Discussion

Although not stated exactly as such, Petitioner raises the issue of whether the Trial Court erred in concluding that it lacked subject matter jurisdiction.

Petitioner has filed a petition for writ of mandamus. Our Supreme Court reiterated the long-standing rule regarding the writ of mandamus in the 1995 case of *Paduch v. City of Johnson City*, stating:

> For an act to be enforced by a writ of mandamus, the act must be purely "ministerial." *Peerless Construction Co. v. Bass*, 158 Tenn. 518, 520, 14 S.W.2d 732 (1929). If the right to have the act performed is doubtful, the

---

[2] Rule 10 of the Court of Appeals Rules provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[3] Petitioner relied on, among other legal authorities, Tenn. R. Crim. P. 49(c)(3), with its rule that "[t]he clerk shall endorse on every pleading and on all other papers filed with the clerk in a proceeding the date and hour of the filing."

right must be first established in some other form of action. Mandamus is a summary remedy, extraordinary in its nature, and to be applied only when a right has been clearly established. *Peerless*, 14 S.W.2d at 733.

*Paduch v. City of Johnson City*, 896 S.W.2d 767, 769-70 (Tenn. 1995) (quoting *Hackett v. Smith Cnty.*, 807 S.W.2d 695, 698 (Tenn. Ct. App. 1990)). "The office of mandamus is to execute, not adjudicate. It does not ascertain or adjust mutual claims or rights between the parties." *Moore v. Wyeth Chandler, Mayor*, 675 S.W.2d 153 (Tenn. 1984) (quoting *Peerless Constr. Co. v. Bass*, 14 S.W.2d 732 (Tenn. 1929)).

The Trial Court determined that it lacked subject matter jurisdiction to hear the petition. In *Johnson v. Hopkins*, the Tennessee Supreme Court discussed subject matter jurisdiction, stating:

> Subject matter jurisdiction involves the court's lawful authority to adjudicate a controversy brought before it. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012); *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). Subject matter jurisdiction is conferred by statute or the Tennessee Constitution; the parties cannot confer it by appearance, plea, consent, silence, or waiver. *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012). Any order entered by a court lacking jurisdiction over the subject matter is void. *Id*. Therefore, subject matter jurisdiction is a threshold inquiry, which may be raised at any time in any court. *Id*.

*Johnson v. Hopkins*, 432 S.W.3d 840, 843-44 (Tenn. 2013).

Regarding whether a chancery court such as the Trial Court may alter a criminal conviction or sentence, this Court has explained:

> The Tennessee General Assembly has "vested exclusive and original jurisdiction of all criminal matters in the circuit and criminal courts of this state." *Tenn. Downs, Inc. v. William L. Gibbons*, 15 S.W.3d 843, 848 (Tenn. Ct. App. 1999). Tennessee Code Annotated § 16-10-102 (2021) provides: "The circuit court has exclusive original jurisdiction of all crimes and misdemeanors, either at common law or by statute, unless otherwise expressly provided by statute or this code." In addition, Tennessee Code Annotated § 40-1-108 (2021) provides: "The circuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal."

Furthermore, this Court has previously noted that "[o]ver a century ago, the Tennessee Supreme Court recognized that '[c]ourts of equity are not constituted to deal with crime and criminal proceedings.' " *Carter v. Slatery*, No. M2015-00554-COA-R3-CV, 2016 WL 1268110, at *4 (Tenn. Ct. App. Feb. 19, 2016) (quoting *J.W. Kelly & Co. v. Conner*, 123 S.W. 622, 635 (Tenn. 1909)). Ergo, this Court has repeatedly concluded that a chancery court does not have jurisdiction to determine the validity of a petitioner's criminal conviction. *See, e.g., Windrow v. Stephens*, 103 S.W.2d 584, 586 (Tenn. Ct. App. 1937) ("The jurisdiction of equity being limited strictly to questions concerning civil and property rights, the courts will not in any manner interfere with the execution of judgments in criminal matters." (quoting 1 High on Injunctions (4th Ed.) 147, § 124; 85, § 68)); *Bond v. Tenn. Dep't of Corr.*, No. M2019-02299-COA-R3-CV, 2021 WL 1200091, at *4 (Tenn. Ct. App. Mar. 30, 2021) ("This Court does not have jurisdiction in this declaratory judgment proceeding to alter the Criminal Court's judgment or make any determination concerning the illegality or validity of the Criminal Court's judgment."); *Carter*, 2016 WL 1268110, at *7 ("[W]e conclude that the chancery court lacked subject matter jurisdiction to enter a declaratory judgment regarding the legality or constitutionality of the criminal judgments entered against [the petitioner]."); *Dean v. Turner*, No. W2007-00744-COA-R3-CV, 2007 WL 4404112, at *2 (Tenn. Ct. App. Dec. 18, 2007) (concluding that the validity of a criminal conviction is not within the jurisdiction of a chancery court).

*Frazier v. Slatery*, No. E2020-01216-COA-R3-CV, 2021 WL 4945235, at *4-5 (Tenn. Ct. App. Oct. 25, 2021), *no appl. perm. appeal filed*.

In his brief, Petitioner states that he is "asking this court to compel the criminal court clerk, Howard Gentry, to expunge this illegal entry of judgment." He states further that his argument is "not to challenge the legality of any sentence," but rather "that the clerk is a ministerial body and cannot act as a judicial body to render judgment without judicial authority."

In response, Strada points out that Petitioner appears to have abandoned his argument against him, the only remaining appellee. Strada states further that any action against TDOC alleging that Petitioner's sentence is illegal is improper to the extent it was not brought in habeas proceedings, citing *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) ("[T]he proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus . . . ."). Finally, Strada argues that the Trial Court lacks subject matter jurisdiction to hear a challenge to the validity of a criminal conviction.

While Petitioner states that he is not challenging his sentence and that he seeks only the performance of a ministerial act, we respectfully disagree. Petitioner has asked the Trial Court to direct certain officials to remove the criminal judgment against him because of its alleged illegality. This would be no mere ministerial act involving the simple execution of a duty as opposed to an adjudication. Instead, it would amount to the Trial Court intruding upon the exclusive purview of the appropriately constituted criminal courts. Petitioner's petition for writ of mandamus is, in reality, a challenge to the validity of the criminal judgment against him. As such, the Trial Court, as a chancery court and court of equity, lacks subject matter jurisdiction to hear that challenge. We affirm the judgment of the Trial Court.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Eric O. Carter, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE